## 3665.  GREENWOOD v. THE STATE.

1. It is not error for the court to instruct the jury, as to the statutory offense of shooting at another, not in self-defense or under other. circumstances of justification, that the State need not show either malice or an intent to kill.

2. The other charge complained of was not erroneous.

DECIDED OCTOBER 23, 1911.

Indictment for assault with intent to murder—conviction of shooting at another; from Chatham superior court—Judge Charlton. July 6, 1911.

*Robert L. Colding,* for plaintiff in error.

*Anton P. Wright, Walter C. Hartridge, solicitor-general,* contra.

POWELL, J.  1. The instruction dealt with in the first paragraph of the syllabus is as follows: "In considering the offense of shooting at another, it is not necessary to show either malice or the specific intent to kill. It would make no difference, if the defendant shot at the prosecutor, not in his own defense or under circumstances of justification, according to the principles of the code, with what intent he shot him—whether to kill him or not; and it would make no difference whether he had malice or not."

2. The other assignments of error complained of are excerpts from the following instruction, which, however, should be considered as a whole, for a proper understanding of it: "If the assault made upon him, if you find one was made, did not amount to a felony, but was an assault less than a felony, such as an assault and battery, then he would not have the right to shoot at another, either as a defense for the offense of assault with intent to murder, if you find that element is in it, or as a defense for the offense of shooting at another not in his own defense. If an assault was made upon him, although it was a bare assault, and did not amount to a felony, it would reduce the offense, if one has been committed by the defendant, from assault with intent to murder to shooting at another; but it would not justify him in using a deadly weapon—shooting a pistol. . . If you find that he shot after an assault had been made upon him, and that assault amounted to a felony, then he would have the right to shoot, and he would be guilty of nothing. If you find that the assault made upon him was less than a felony—assault and battery—then that would reduce the offense, if he is otherwise guilty of one, from assault with intent to

murder to shooting at another; but it would not justify shooting at another if it was a bare assault. If you find, however, that the assault made upon him amounted to a felony, or that the surround-ings were such as to create apprehension in his mind, as a reason-ably courageous man, and not a coward, that his life was in danger, or that a felony was about tc be committed upon him, then he would not be guilty either of assault with intent to murder or of shooting at another not in his own defense."

*Judgment affirmed.*