## HINDMAN v. RAPER.

Where one claiming to be a landlord made an affidavit and procured the issuance of a warrant to dispossess another as a tenant who failed to pay his rent when due, and who refused to deliver possession, and the defendant interposed a counter-affidavit, denying that he held the premises under the plaintiff or any one from whom the plaintiff claimed title; and where upon the trial the plaintiff testified to having made a demand for possession, but did not specify the date thereof, and the defendant denied the making of such demand, it was error to direct a verdict in favor of the plaintiff for the premises, with double rent for the year in which the trial took place and for several preceding years, including two years before the commencement of the proceeding.
OCTOBER 14, 1913. REHEARING DENIED NOVEMBER 18, 1913.

Eviction. Before Judge Maddox. Floyd superior court. October 9, 1912.

On March 30, 1910, Raper made an affidavit to obtain a warrant to dispossess Hindman, alleging, that one Raines had rented the land to Hindman for the year 1907 for the sum of $30; that Raines conveyed the land to the plaintiff, who is the owner thereof; that Hindman had "failed to pay rent when due, or any part of rent for that year or since, and deponent desires possession of the same from the said George Hindman, and that the said George Hindman neglects, omits, and refuses to give possession of the said premises and tract of land described above to affiant." Hindman filed a counter-affidavit alleging that "he is not holding possession over and beyond his term, that he does not hold the premises from the said Lewis Raper or from any one [under] whom the said Lewis Raper claims, either as alleged in said affidavit, or otherwise." The plaintiff amended his affidavit by alleging as follows: Plaintiff bought the land from Raines on November 23, 1907. Prior to the purchase, Raines rented the property to Hindman for the year 1907, for the sum of $30. On November 25, 1907, Raines swore out a distress warrant against the defendant for the rent of the premises for that year. On February 14, 1910, judgment was rendered in the justice's court in favor of Raines. Hindman appealed to a jury in that court, and on March 12, 1910, a verdict was rendered in favor of Raines. This was an adjudication that Hindman was the tenant of Raines, who was the predecessor in title of the plaintiff; and the defendant is estopped from denying that he is the tenant of plaintiff.

On the trial, at the close of the evidence, the court directed a

verdict in favor of the plaintiff for the premises in dispute, and for double rent for the years 1908, 1909, 1910, 1911, and 1912, amounting to $300. The defendant excepted.

*M. B. Eubanks,* for plaintiff in error. *Harris & Harris,* contra.

LUMPKIN, J. (After stating the foregoing facts.) Raines conveyed the land to Raper during the term of the tenancy of Hindman. In *Raines* v. *Hindman,* 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, 24 Ann. Cas. 347), it was held that Raines could not evict the tenant after the expiration of the term, on the ground that the latter was a tenant holding over beyond his term, or on the ground of non-payment of rent. In the opinion it was said that "Raper had the right, after 1907, to dispossess the defendant as a tenant holding over, upon the failure of the latter to deliver possession to him." Acting under this, Raper made an affidavit and obtained the issuance of a dispossessory warrant. Raines proceeded by distress warrant to recover the rent for 1907, and obtained a judgment therefor. This adjudicated the existence of the relation of landlord and tenant between him and Hindman in that year. The conveyance made from Raines to Raper during the term made the latter the landlord. The direction of the verdict was, however, erroneous. It included double rent for the years 1908 to 1912, inclusive. Two of these antedated the commencement of the present proceeding. Raper testified that he demanded possession from the defendant, but he did not know the date of the demand. Hindman denied that Raper ever spoke to him about vacating the premises or about rent, or gave him any notice to vacate. A proceeding of this character can not be used as a means of recovering back rent accruing before any demand for possession. *Talley* v. *Mitchell,* 138 *Ga.* 392 (75 S. E. 465). Under the conflicting evidence in regard to the demand, it was error to direct a verdict.

A demand for possession made by Raines after he had conveyed the property to Raper would not authorize the latter to recover possession with double rent. The judgment against Raines on the dispossessory warrant sued out by him adjudicated the fact that he was not entitled to recover possession, because he was not the landlord when he commenced the proceeding, but it did not adjudicate that he never had been such.

*Judgment reversed. All the Justices concur.*