## SMITH *v.* THE STATE.

LUMPKIN, J. 1. The fact that the presiding judge, in addition to charging the jury that the defendant must be proved guilty beyond a reasonable doubt, added the rule applicable to cases of circumstantial evidence, that the guilt of the defendant must be proved to the exclusion of every other reasonable hypothesis, was not injurious to the defendant, on the assignment of error that there was no legal evidence to authorize such charge. If the case was one involving the rule as to circumstantial evidence, the charge was right. If not, it was not injurious to the accused, as it gave a rule more favorable than he could claim.

2. There was no error in charging as follows: "Legal malice is an intent unlawfully to take away the life of a fellow creature in a case where the law would neither justify, nor to any degree excuse, the intention should the killing take place as intended. Legal malice is not necessarily ill will or hatred. It is an unlawful intention to kill without justification, or mitigation, which must exist at the time of the killing, but it is not necessary for that intention to exist for any length of time before the killing. A man may form the intention to kill, do the killing instantly, and regret the deed as soon as done."

3. The court should have excluded, on objection, certain testimony that a witness owned a gun which was stolen from his house about the time when the homicide occurred, and that after the homicide he identified it in the possession of another witness to whom it had been delivered by a third person; there being no legal evidence to show that the gun so stolen was that which was used by the accused in the commission of the homicide, or was in his possession, or was connected with the crime in any way. But, under the uncontradicted evidence, this error will not require a reversal.

4. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

> *Judgment affirmed. All the Justices concur.*
> NOVEMBER 12, 1913.

Indictment for murder. Before Judge Thomas. Lowndes superior court. July 14, 1913.

*Patterson & Copeland,* for plaintiff in error. *T. S. Felder, attorney-general,* and *J. A. Wilkes, solicitor-general,* contra.