19181.   TURNER, *alias* GLOVER *v.* THE STATE.

SUBMITTED JANUARY 9, 1956—DECIDED FEBRUARY 15, 1956.

*Willis A. DuVall, J. M. Cowart,* for plaintiff in error.

*Maston O'Neal,* Solicitor-General, *Eugene Cook,* Attorney-General, *Rubye G. Jackson,* contra.

ALMAND, Justice.   James Turner, under an indictment charging him with the murder of Joe Richardson by striking, hitting, and beating him with a hammer and other blunt instrument, was

found guilty without a recommendation to mercy. His motion for a new trial, on the general grounds and one special ground, being denied, he assigns error on that order.

■ The only special ground of the motion for a new trial complains that the court erred in admitting in evidence certain testimony of a witness for the State, over the objection that such testimony was not a part of the res gestae.

One Bessie Porter, a witness for the State, testified that she lived next door to Joe Richardson, and on the day on which it was alleged that he was assaulted she saw the defendant go into the deceased's home, and shortly thereafter she went to the home of the deceased and found him sitting in a chair sort of slumped over, and heard him say several times, "Lord have mercy," and the defendant was in the room with the deceased. The defendant then left the house, and the witness came out of the house and hollered. Mary Porter, a witness for the State, testified that she lived near the home of the deceased on the day of the alleged assault, and saw the defendant enter the deceased's home, and saw Bessie Porter go into the house and heard her holler when she came out of the house, and she, the witness, immediately went to the home of the deceased, and when she got into the house she spoke to the deceased and asked him if James (the defendant) had his money, and the deceased stated, "Yes, he hit me in the head and got my money and gone." The statement that the deceased made to this witness was objected to on the ground that it was not a part of the res gestae, which objection was overruled and the testimony admitted, and error is assigned on this ruling.

The admission of this evidence was not erroneous. No precise time can be fixed a priori when the res gestae ends, but each case must turn on its own circumstances, the inquiry being rather into events than to the precise time which has elapsed. *Thornton* v. *State,* 107 *Ga.* 683, 686 (33 S. E. 673). The evidence in the instant case discloses that within a few minutes after the deceased had been struck in the head (from which blows he became unconscious and died several days later), and while at the place in which he had been assaulted, he made the declaration that the defendant struck him in the head and took his money. It cannot be said that such declaration was too remote in time to be admitted in evidence. See, in this connection, *Augusta Factory* v. *Barnes,* 72

*Ga.* 217 (5) (53 Am. R. 838); *Kirk* v. *State,* 73 *Ga.* 620 (5); *Cason* v. *State,* 134 *Ga.* 786 (5) (68 S. E. 554); *O'Neal* v. *State,* 172 *Ga.* 526 (1) (158 S. E. 51).

■ Though there were no witnesses to the killing, the evidence, direct and circumstantial, taken in connection with the defendant's admissions, was sufficient to authorize the verdict finding the defendant guilty, and consequently there is no merit in the general grounds of the motion for a new trial. The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. All the Justices concur.*