### 20837. HOOKS *v.* THE STATE.

MOBLEY, Justice. This is a companion case to that of *Coleman v. State* ante. The defendant and Coleman were jointly indicted for the rape of Mildred Dawson, were tried together, found guilty, and each was sentenced to serve a term in the penitentiary. The exception is to the judgment denying the defendant's motion for a judgment of not guilty notwithstanding the verdict of guilty, and denying his motion for new trial on the general and thirteen special grounds. *Held:*

1. The defendant's exception to the judgment denying his motion for a judgment of not guilty notwithstanding the verdict

of guilty is without merit, since such a motion will not lie in a criminal case. See *Wilson* v. *State*, 215 *Ga.* 775 (113 S. E. 2d 607).

2. The general grounds are without merit. There was evidence that the defendant Hooks and Pete Coleman, about 10 p.m. on August 4, 1959, went to the house where Mildred Dawson, a fourteen-year-old girl, and her foster mother, Annie Dawson, 49, lived; that Coleman offered them $5 to go with him and the defendant Hooks to Coleman's house, which he told them he was in the process of moving into, to clean the house; that they got into the car; and that Coleman, instead of going to his house, took them to a side road, parked the car, snatched Mildred Dawson from the car, and had sexual intercourse with her forcibly and against her will; that Coleman then held her down until the defendant Hooks could get on her; and that Hooks had sexual intercourse with her forcibly and against her will. The mother and daughter, after the defendant and Coleman drove off and left them, walked to the first house they could find and reported to the occupant what had happened. The occupant of the house sent them to the nearby house of Gordon Brantley, who called the sheriff. The evidence amply authorized the verdict.

3. Special grounds 1 and 2 complain of the admission in evidence of two prior convictions of offenses of the codefendant Pete Coleman, and special grounds 3 and 4 of the admission of evidence identifying Coleman as the man named in those indictments, on the ground that the evidence was prejudicial to the defendant Hooks, since it tended to put his character in evidence and to show guilt by association. These two previous convictions and sentences to service in the penitentiary of the codefendant Coleman were contained in the joint indictment and were admissible in evidence under Code § 27-2511, which requires the jury to give the maximum term in the penitentiary to one who has previously been convicted and sentenced to serve in the penitentiary. The grounds are without merit for two reasons: (1) because this did not put the defendant Hooks' character in evidence; and furthermore, the defendant put his own character in evidence by saying in his statement to the jury that he had been previously convicted of burglary and given a sentence; and (2) because the defendant knew that these two convictions of Coleman were alleged in

the indictment, yet he did not ask for severance, but willingly went to trial jointly with Coleman. By his conduct he waived any objection he may have had to the admission of this testimony.

4. In special ground 5, the defendant complains that the trial court erred in failing to give a requested written charge on circumstantial evidence. It is not shown that the request to charge was made prior to the jury's retiring "to consider of their verdict." Code § 81-1101. Consequently, this ground cannot be considered by this court. *Nickerson* v. *Porter,* 189 *Ga.* 671 (2) (7 S. E. 2d 231) ; *Ehrlich* v. *Mills,* 203 *Ga.* 600 (2) (48 S. E. 2d 107) ; *Woodruff* v. *State,* 204 *Ga.* 17 (4) (48 S. E. 2d 885).

5. We have carefully examined special grounds 6, 7, 8, and 11, which complain of the admission, over objection, of certain testimony of Annie Dawson, and find that they are without merit.

6. Special ground 9, which complains of the admission of the testimony of Mildred Dawson that the defendant threatened to cut her throat if she screamed, that he reached his right hand into his pocket, and that she felt something at her throat which she thought was a knife, is not subject to the objection that this was a conclusion on the part of the witness. If the victim thought a knife was being held at her throat by the alleged rapist, her testimony to that effect would be relevant and material to the question of whether intercourse was forcible and against her will. Her thinking that a knife was being held at her throat would be just as effective in forcing submission as if in fact a knife were being so held. This ground is wholly without merit.

7. It was not error, as complained of in special ground 10 of the motion for new trial, to admit testimony of Gordon Brantley that Annie and Mildred Dawson came to his house about 11 p.m. on August 4 and reported to him that the little girl, Mildred Dawson, had been raped; that they asked him to call the sheriff, which he did; that he put them in his car, started toward Harrison, and met the sheriff; that the little girl said her dress was torn; that he saw the torn dress when she showed it to the sheriff. The record discloses that the victim and her mother left the scene of the crime immediately after it happened and went directly to the nearest house, the occupant of

which directed them to Gordon Brantley's house; that they made the complaint to Brantley that she had been raped and, in Brantley's presence, showed the sheriff her torn dress. The rule is well settled that, in a prosecution for rape, the fact of the woman's having made complaint soon after the assault took place is admissible in evidence for the purpose of rebutting the idea that the female consented to the criminal act, and it is equally well settled that the particulars of her complaint cannot be given in evidence. *Stephen* v. *State*, 11 *Ga.* 225 (8); *Lowe* v. *State*, 97 *Ga.* 792 (25 S. E. 676); *Davis* v. *State*, 120 *Ga.* 433 (48 S. E. 180). However, the rule laid down in these cases is not in conflict with the general rule that, where the complaint constitutes a part of the res gestae, not only the fact that complaint was made, but the complaint made, is admissible; and the details of the complaint may be given, which would include a statement by the victim that her dress had been torn and that the witness saw the torn dress. *Williams* v. *State*, 15 *Ga. App.* 306 (4) (82 S. E. 938); 44 Am. Jur. 955, § 85. The declarations complained of were made so shortly after the commission of the act and were so nearly connected therewith in time as to be free from all suspicion of device or of afterthought and as to constitute a part of the res gestae, and were admissible as such. Code § 38-305.

9. Special ground 12 complains that the court stated to the solicitor-general that he would "better show the time any statements were made," referring to statements made by the victim to her mother at the scene of the alleged rape and just after it occurred. This did not amount to an expression of opinion. Furthermore, the judge, immediately after objection to his statement, instructed the jury that he was not expressing any opinion as to the guilt or innocence of the defendant. Neither was the judge by this statement to the solicitor-general taking any improper part in the trial of the case, as urged. There is no merit in ground 12.

10. Special ground 13 is without merit. At the conclusion of the testimony of the last witness for the State and just prior to the State's resting, the defendant made a motion for mistrial on the ground "that the case was tried by every newspaper in the State before it got to the courthouse" and offered in support of his motion two newspaper articles appearing a few days after the date the offense was alleged to have occurred, and

some forty-five days before the case went to trial. He excepts to the exclusion of the newspapers from evidence, and to the denial of the motion for mistrial. The exclusion of the newspapers was beneficial to the defendant. The court properly denied the motion for mistrial. The defendant went to trial without making a motion for change of venue, which remedy was available to him if he thought the jurors in Washington County were prejudiced and could not give him a fair trial. He was fully protected in the selection of a jury by his right to peremptory challenges (Code § 59-805), and to have the statutory voir dire questions propounded (Code § 59-806); "and if these were not sufficient, the prisoner had his right of challenge to the poll and to have had any juror called to try him put upon the court as a trior and the question of such juror's competency and impartiality thoroughly tested." *Biggers* v. *State,* 171 *Ga.* 596, 598 (1) (156 S. E. 201). Furthermore, by virtue of the act of the General Assembly approved February 19, 1951 (Ga. L. 1951, pp. 214-216; Code, Ann., § 59-705), the defendant had the right to make an individual examination of each juror prior to interposing a challenge and after the voir dire questions had been put by the court. In such examination, the defendant might have inquired of each juror concerning ". . . any opinion as to which party ought to prevail . . . any fact or circumstance indicating any inclination, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto . . ." Code (Ann.) § 59-705, supra. This is not a case of the appearance during the trial of newspaper articles which the jurors might have read. On the other hand, these articles appeared some forty-five days before the trial; and the defendant had every opportunity to determine whether the jurors had read the articles or others that might have appeared and had been prejudiced thereby before accepting them as jurors. He is not to be permitted to wait until the State's evidence is in and then complain as to matters of which he could and should have complained before the case proceeded to trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 15, 1960—DECIDED APRIL 12, 1960.

*Irwin Evans, N. J. Smith, Emory L. Rowland,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, Casey Thigpen, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.