### 45299. NESTOR v. THE STATE.

QUILLIAN, Judge. The defendant was indicted for assault with intent to murder in that he shot at two named individuals with intent to murder them. He was tried and convicted of the offense of shooting at another. Upon the overruling of his motion for a new trial, appeal was taken to this court. *Held:*

1. (a) The offense with which the defendant was charged occurred on May 10, 1969. Hence, under the present Criminal Code of Georgia (*Code Ann.* § 26-103; Ga. L. 1968, pp. 1249, 1260), the former criminal law is applicable in this case.

(b) Under such law, a person indicted for assault with intent to murder may be convicted of the offense of shooting at another. *Harrison v. State,* 26 Ga. App. 58 (2) (105 SE 614); *Loyd v. State,* 26 Ga. App. 259, 262 (106 SE 601); *Eaton v. State,* 83 Ga. App. 82, 86 (62 SE2d 677); *Harris v. State,* 120 Ga. 167 (1) (47 SE 520).

2. The defendant contends the verdict was not authorized by the evidence. In this connection, these are the pertinent facts. Three police officers, in response to a signal, entered the apartment house where the defendant resided and walked down the hallway. One of the officers knocked on the door of the defendant's apartment and said, "Police." The officers took positions around the corner about 6 or 8 feet from the door of the defendant's apartment. The door then swung open revealing the defendant standing in the doorway with a pistol in his hand. The officers jumped back and the defendant fired two shots, the bullets striking at the end of the hallway. The officers then disarmed the defendant.

In regard to the direction the pistol was pointed, one of the officers testified: "In my opinion, it was pointed in my direction where I was standing, sir." Another officer testified "the gun was pointed in the direction where we were standing." On cross examination, although he declined to state the gun was pointed at him directly, he reiterated "the gun was pointed in our direction." The defendant in his unsworn statement related someone was threatening his life and that he therefore carried the pistol to the door, opened it and fired one shot straight out.

He stated that he saw no one in the hallway and after he fired, the police called out.

The evidence was sufficient to support the verdict. *Johnson v. State,* 113 Ga. App. 361, 362 (147 SE2d 878).

3. The defendant contends that the trial judge should have charged that the accused must *intend* to shoot at another, that is, that he must have an intent to do harm to another. This court has held in numerous cases that it is not error to fail to charge *Code* § 26-201 which requires the combination of a criminal act and intent, where the charge does include instructions to the jury on the requirements of the offense in question. *Fleming v. State,* 74 Ga. App. 864 (3) (41 SE2d 824); *Tucker v. State,* 94 Ga. App. 468, 471 (95 SE2d 296). Thus, under the circumstances of this case, it was not error to omit, without request, a statement in the charge with regard to the intent of the defendant to commit the act. See *Greenwood v. State,* 9 Ga. App. 876 (1) (72 SE 432); *Hart v. State,* 55 Ga. App. 85 (4) (189 SE 547).

4. The defendant argues that it was error to include in the instructions to the jury a charge with regard to circumstantial evidence. It is contended that there was no circumstantial evidence in the case and hence the charge was erroneous, citing *Bivins v. State,* 5 Ga. App. 434 (63 SE 523).

In *Latimer v. State,* 188 Ga. 775, 777 (4 SE2d 631), the Supreme Court held: "In the second special ground error was assigned upon a charge relating to circumstantial evidence, the contention being that direct evidence only was introduced. There is no merit in this ground. Some evidence, it seems, was circumstantial in nature; but even if not, the charge 'was not injurious to the accused, as it gave a rule more favorable than he could claim.' *Smith v. State,* 140 Ga. 791 (79 SE 1127); *Middleton v. State,* 7 Ga. App. 1 (66 SE 22). The statement to the contrary in *Bivins v. State,* 5 Ga. App. 434 (63 SE 523), was obiter."

In *Wise v. State,* 209 Ga. 115 (1) (70 SE2d 598), the court held that, where the State relied solely upon direct and positive evidence for conviction, a charge upon circumstantial evidence was neither required nor authorized. However, the question there involved was whether the *failure* to give a charge on circum-

stantial evidence was error. This was also true of the *Bivins* case, 5 Ga. App. 434, supra. Therefore, there is no authority, other than dicta, that a charge on circumstantial evidence is harmful error where no such evidence is introduced.

Nevertheless, in this case, as was apparently true in *Latimer v. State*, 188 Ga. 775, supra, there was some evidence, circumstantial in nature, adduced. Thus, it was not error to give the charge in question.

> *Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
> SUBMITTED APRIL ·6, 1970—DECIDED JULY 9, 1970—
> REHEARING DENIED JULY 28, 1970—

*Louis M. Tatham, R. A. Whitsett,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman,* for appellee.