27996. PIERCE et al. v. THE STATE.

ARGUED JUNE 12, 1973 — DECIDED JULY 2, 1973.

*Theodore S. Worozbyt, Garland & Garland,* for appellants.

*Lewis R. Slaton, District Attorney, Isaac Jenrette, Morris H. Rosenberg, James H. Mobley, Jr., Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, Assistant Attorneys General,* for appellee.

MOBLEY, Chief Justice. Bobby Pierce and Willie Daniel appeal from their convictions of rape. They were indicted and tried jointly. Each was given a sentence of one and one-half years.

A motion for new trial on the usual general grounds was filed. In an amendment to the motion it was asserted that it was error to allow in evidence the particularities of the complaint of the prosecutrix, over the objection of the appellants.

The errors enumerated are: (1) the overruling of the motion for new trial; (2) the admission in evidence of the particularities of the complaint made by the prosecutrix; and (3) the denial of the motion for directed verdicts of acquittal.

■ It is urged by the appellants that the evidence did not show force, either actual or constructive, in the perpetration of the alleged rapes. The appellants admit that they had sexual intercourse with the prosecutrix, but contend that she did not offer any resistance to them.

The prosecutrix testified: The appellants were strangers to her. She is a married woman, with two children. On the date of the alleged crimes, at about 1:00 a.m., she left her home after an argument with her husband, and started walking to her sister's home, expecting her husband to follow her. She was clad only in underclothes and a housecoat. When she had gone a short

distance, a car passed her in which two men were riding. They asked her if she wanted to ride and she refused. Another car was following behind this car, containing five men, and they asked her if she wanted to ride, and she refused. Two men then got out of the second car, and crossed the street. She gave them her pocketbook and told them that she didn't have any money. They insisted that she ride, and when she refused, they grasped her arms and took her across the street and pushed her into the back seat of the first car. One of these men got in the car with her. She begged them to leave her alone. The man from the second car stayed in the back seat of the first car until they turned the corner, and then got out of the car. One of the appellants then got in the back seat with her. He asked her what she was doing out that time of night and she told him that she had had an argument with her husband and was going to her sister's house. They drove for about ten or fifteen minutes. She again begged them to leave her alone and let her go. They drove into a garage in an old service station. One of the appellants told her to get out of the car, and when she refused, he caught her by her arm and pulled her into the back room of the service station. He told her to take off her clothes and she refused. She begged and pleaded with them to leave her alone. He pulled off her clothes and told her to lie down. When she refused, he put his hands on her shoulders and told her to lie down, and she did. She was afraid. She was begging him to leave her alone. Both men had sexual intercourse with her. When the second one had finished, the first one threw her clothes to her and told her to put them on and asked where she wanted to go. She told them to go on about their business and leave her alone. They said they were not going to leave her there for somebody else to come along and do the same thing. They inquired where her sister lived, and took her within two blocks of her sister's home. She ran to her sister's house and told her sister to call the police. Her

sister called the police and they came out. The reason she did not fight with the men was that she was afraid of them. She did not know them, and did not know whether they were on drugs, or what kind of maniacs they were. She had a husband and family and wanted to live.

"While rape is the carnal knowledge of a female forcibly and against her will . . . and consent however reluctant is fatal to a conviction for rape . . . yet consent induced by force or fear and intimidation does not amount to consent in law and does not prevent the intercourse from constituting rape." *Willingham v. State,* 201 Ga. 339 (1) (39 SE2d 751).

The present case does not show the degree of force frequently found in crimes of rape, or the violent threats often made. However, there was evidence of force, and the circumstances provided ample ground for fear on her part. She repeatedly testified in regard to her fears. The jury apparently believed that it was the force exercised, and the fears which their actions produced in her mind, that caused her to yield to them, and that her consent was not of the kind to prevent the intercourse from constituting rape.

The jury was authorized under the evidence to find the appellants guilty of the crimes charged, and it was not error to overrule the general grounds of the motion for new trial, or to deny the motion for verdicts of acquittal.

■ The appellants assert that the court erred in admitting, over objection, testimony by the sister of the prosecutrix as to the particularities of the complaint made by the prosecutrix to this witness.

This witness related that the prosecutrix came to her home at about 1:15 or 1:45 a.m. on the date of the alleged crimes, stating, "and she was crying and I asked her what was wrong and she told me that she and her husband had got in an argument and she left home walking, and right after she left home, some guys came by and they said to get in the car with them, and they carried her off and

raped her and then she, you know, she started telling me where they carried her to, this garage, and all this." On further questioning, the witness related the condition of the prosecutrix when she came to her home, that her hair was disarranged, she had been crying, and appeared upset. It was at this point that counsel for the appellants objected that the witness could not relate the particularities of the complaint.

Even if the objection might be considered as going to the previous testimony given, the trial judge did not err in overruling it. In a rape prosecution the fact that the woman made immediate complaint is admissible in evidence to rebut the idea that she consented to the act. The details of her complaint may not be given, unless the declarations were made so shortly after the commission of the act as to constitute a part of the res gestae. *Hooks v. State,* 215 Ga. 869 (7) (114 SE2d 6). In the present case the statements of the prosecutrix were made so closely after the rapes as to be admissible as part of the res gestae. See: *Thomas v. State,* 144 Ga. 298 (4) (87 SE 8); *Conoway v. State,* 171 Ga. 782, 784 (156 SE 664); *Luke v. State,* 184 Ga. 551 (2) (192 SE 37); *Robinson v. State,* 209 Ga. 650 (3) (75 SE2d 9); *Jackson v. State,* 225 Ga. 39, 46 (165 SE2d 711).

The testimony of the sister of the prosecutrix as to the condition of the prosecutrix when she saw her immediately after the crimes had been committed was admissible. *Rider v. State,* 195 Ga. 656 (4) (25 SE2d 304).

*Judgments affirmed. All the Justices concur.*