## 30257. WATSON v. THE STATE.

INGRAM, Justice.

The appellant is a 38-year-old man who was convicted of rape and kidnapping and received two concurrent 15-year sentences in Cobb Superior Court. We have reviewed the enumerations of error and find no basis for reversal of the trial court's judgment.

The facts of the case may be briefly summarized as follows: The prosecutrix, a 14-year-old girl, was babysitting at appellant's home for appellant's wife. The appellant came home around 8 o'clock p.m. with food and soft drinks for all the children and for the prosecutrix. Shortly thereafter, appellant tried to put his arms around the victim and she repulsed him. Later, with permission from the mother of the prosecutrix, appellant took the children and the prosecutrix to see Christmas decorations. The prosecutrix testified there was a partially empty bottle of Vodka in the car. When they returned to appellant's apartment, appellant told the prosecutrix to go into the bedroom. The prosecutrix testified that after drinking the soft drink appellant had given her, throughout the evening she became progressively more dizzy and that she went to lie down. While she was in this dizzy state, appellant approached her and began to rape her. She blacked out and

remembers nothing until she was awakened by her mother in appellant's car in the early morning hours, miles away from the apartment. The prosecutrix also testified that she had not voluntarily consumed any alcoholic beverages.

Appellant's version of what happened that evening is different. He testified that the prosecutrix began to drink beer in his apartment and that as she became drunk she teased and enticed him. He claims that he did not give her anything to drink. In order to protect the prosecutrix from her mother who he felt would be angry with the girl, he decided to drive her to his relatives' home several miles away. On the way there, the prosecutrix enticed appellant to stop the car and voluntarily had intercourse with him. They then drove to the relatives' home. Since the prosecutrix was asleep in the back seat, he left her in the car and someone alerted her mother to her whereabouts. The mother found the girl in appellant's car. She appeared to be sick and dizzy and was taken to the hospital by her mother. The hospital physician testified that the prosecutrix was in a state of mental shock; that there was a strong smell of alcoholic beverages on her breath; and, that she had recently had intercourse.

The prosecutrix testified that because of her mother's poor health and heart condition she made no complaint of the alleged rape to the police until 40 days after the incident occurred when she told a police officer who was investigating the kidnapping charge. However, the day after the incident, she confided to a young girl friend the details of the alleged rape.

1. Appellant's first enumerations of error deal with the general grounds. There is clearly sufficient evidence to support the convictions and these enumerations are without merit.

2. The next two enumerations of error assert that the trial court erred in allowing the young girl friend of the prosecutrix to testify about particulars of the conversation that she had with the prosecutrix the day after the rape and that the trial court also erred in allowing the police investigator to testify that the prosecutrix told him about the rape and that the defendant was the one who committed the act.

"The rule is well settled that, in a prosecution for rape, the fact of the woman's having made complaint soon after the assault took place is admissible in evidence for the purpose of rebutting the idea that the female consented to the criminal act, and it is equally well settled that the particulars of her complaint cannot be given in evidence. [Cits.]" *Hooks v. State,* 215 Ga. 869 (8) (114 SE2d 6) (1960); *Lowe v. State,* 97 Ga. 792 (25 SE 676) (1895). The fact that a complaint is made is not hearsay, but the particulars of the complaint are hearsay. However, when the statements of the victim are so nearly connected in time with the act as to be free from all suspicion of device or of afterthought, they are admissible as part of the res gestae, an exception to the hearsay rule. Code Ann. § 38-305.

In this case, contrary to the contention of the state, the particulars of prosecutrix' statements to her girl friend and the officer were too remote in time to be part of the res gestae. See *Creswell v. State,* 61 Ga. App. 828 (7 SE2d 788) (1940). The question then arises whether this testimony was otherwise properly admitted.

Delay in reporting an alleged rape is one circumstance that the jury must consider in determining the credibility of the prosecutrix. That delay may be explained, however, with the decision on credibility left to the jury. See *Bennett v. State,* 102 Ga. 656 (29 SE 918) (1897); see also *Wilkie v. State,* 159 Ga. 559 (126 SE 383) (1924). In this case, there was evidence that the prosecutrix' mother was ill and had experienced heart trouble. The police investigator testified that the prosecutrix was unwilling to discuss the attack in the presence of her mother and that she only related the details to him after the mother was asked to leave the room.

The only "particular" that the officer testified to which would have been hearsay was the naming of the defendant as the perpetrator. This could not have been harmful error in this case because the identity of the defendant was not in question. Where the defendant admitted having had intercourse with the prosecutrix but claimed it was consensual, it was not harmful error to allow another to testify that the victim named defendant

as the perpetrator in making her complaint. See *Thomas v. State,* 144 Ga. 298 (87 SE 8) (1915). For this reason, this enumeration is without merit.

A similar question, but with a slight nuance, arises in the case of the girl friend's testimony. She testified about the details of the story that the prosecutrix told her. Clearly, testifying about the details of the story is beyond testifying that the prosecutrix made a prompt complaint. The particulars of this testimony then are inadmissible as hearsay under *Hooks* and *Lowe,* supra. However, the trial court in its charge to the jury limited the use of this testimony to whether a complaint was made and whether any delay in making a complaint was explained. The trial court then discussed the general question of credibility. In our opinion, this cured any possible error which could arise from the admission of the hearsay.

3. The appellant also enumerates as error the trial court's charge to the effect that if the jury found the prosecutrix had been rendered insensible by intoxicating beverages the jury could additionally find that she was incapable of consent to the intercourse. The argument presented is that this charge was not authorized by the evidence. We believe the evidence authorized this charge and this enumeration of error is without merit. See *Evans v. State,* 67 Ga. App. 631 (21 SE2d 336) (1942).

4. An acquaintance of the defendant testified the defendant tried to induce this acquaintance to testify that he previously had consensual intercourse with the prosecutrix and with her mother and that the mother was receiving stolen property. Appellant wrote several letters to this acquaintance asking him to make such statements to the sheriff and to others whom they had discussed. In addition, appellant told this acquaintance that he also had experienced voluntary sexual relations with the prosecutrix. Appellant further wrote to prosecutrix' mother that he had never touched the prosecutrix, but appellant admitted on the stand that he had intercourse with her although he contended it was with her consent. The appellant enumerates as error a charge given to the jury on incriminating statements the definition of which in part was "one which tends to disprove some defense set up by the accused . . ." The charge is a correct one and there

was evidence to support it in the record. See *Kesler v. State,* 235 Ga. 251.

5. As a result of the automobile trip with the prosecutrix, appellant was also indicted for kidnapping. Code Ann. § 26-1311 (b). He contends that the prosecutrix' mother had given him permission to take the prosecutrix anywhere within reason when he called to ask if they could go see the Christmas decorations. On direct examination, appellant also testified that the prosecutrix asked to go along with him and that she voluntarily accompanied him in the automobile.

Appellant's final enumeration of error is that the trial court failed to charge, in the absence of a request, on interference with custody as a lesser included offense to the crime of kidnapping charged in this case. See Code Ann. § 26-1312.

Code Ann. § 26-505 defines an included crime: "An accused may be convicted of a crime included in a crime charged in the indictment, information, or accusation. A crime is so included when: (a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

This kidnapping offense is defined in Code Ann. § 26-1311 (b). "A person over the age of 17 commits kidnapping when he forcibly, maliciously or fraudulently leads, takes, or carries away, or decoys or entices away, any child under the age of 16 years against the will of the child's parents or other person having lawful custody."

The crime of interference with custody, defined in Code Ann. § 26-1312 is: "A person commits interference with custody when he knowingly or recklessly takes or entices any committed person away from lawful custody when he is not privileged to do so, or knowingly harbors any committed person who has absconded, and upon conviction shall be punished as for a misdemeanor, or if he takes a committed person beyond the limits of this State, he shall be punished by imprisonment for not less than one nor more than five years. The word 'person' includes a

parent of a committed person.

" 'Committed person' means, in addition to anyone committed or whose custody is awarded under judicial warrant or court order, any orphan, neglected, or delinquent child, mentally defective or insane person, or other dependent or incompetent person entrusted to another's custody by authority of law."

The term "committed person" includes a dependent child, under age 16, and in some cases interference with custody becomes a lesser included offense of this form of kidnapping. Code Ann. § 26-1311 (b). All the same facts would be proven if the child taken was under age 16. Thus here the essential difference in the two crimes lies in the degree of culpability required to establish the commission of each crime.

It is not error to fail to charge the lesser included offense if the jury would be unauthorized to return that verdict based on the evidence. See *Sims v. State,* 234 Ga. 177 (214 SE2d 902) (1975). For example, in *Newton v. State,* 127 Ga. App. 64 (192 SE2d 526) (1972), the jury would either have been authorized to find the offense of cruelty to children or acquittal on the basis of accident which was the defense. It was not error to fail to charge on simple battery even assuming it is an included offense in the crime of cruelty to children. See also *Hill v. State,* 229 Ga. 307 (191 SE2d 58) (1972).

The state contends that defendant's defense was privilege or consent, and in view of that the jury would be authorized only to find kidnapping or no crime at all. See, e.g., *Bonner v. State,* 206 Ga. 19 (55 SE2d 587) (1949). Appellant, on the other hand, contends there is some evidence of recklessness in interpreting what the scope of the mother's permission had been and the jury would have been authorized to find either kidnapping or interference with custody or no crime at all based on the evidence.

The evidence does not show the lesser degree of culpability required for conviction of interference of custody. The state's evidence of a crime supports only the kidnapping theory of the incident while the whole thrust of appellant's defense was that he had permission to take the prosecutrix with him. If the trial court had instructed the jury to consider that appellant had knowingly or

recklessly taken or enticed the prosecutrix away when appellant was "not privileged to do so," this necessarily would have denigrated appellant's testimony and defense of permission to take the prosecutrix. See *Williams v. State,* 232 Ga. 203, 205 (206 SE2d 37) (1974), applying this same principle to a finding that voluntary manslaughter was not in issue in a murder or justifiable homicide case. See also *Davis v. State,* 135 Ga. App. 584, 588 (1975).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED OCTOBER 28, 1975.

*Sams & Glover, A. Harris Adams,* for appellant.
*George W. Darden, District Attorney, Richard L. Moore, Assistant District Attorney,* for appellee.