## 58237. WALLACE v. THE STATE.

DEEN, Chief Judge.

Appellant was tried by a jury and convicted of child molestation. He brings this appeal contending that the trial court erred in permitting his wife to give hearsay testimony.

Appellant's daughter, a child about nine years of age, testified to defendant's acts in molesting her and was extensively cross examined. The state then called Mrs. Wallace who testified that on the date of the alleged crime she was taken to work by her husband, and about 3:55 that afternoon appellant, accompanied by their three children, picked her up at work. When she got in the car she observed that their daughter ". . . was looking real wild with . . . big eyes and her hair sticking out, and I said 'what is wrong with your hair,' and Butler didn't give her a chance to answer; he said, 'She's just been playing rough, you know how she is.' " She further testified that while on the way home her husband decided to stop at a friend's house for a drink and left her with the children in the car. After about 10 minutes, she went inside the house to get her husband. They finally arrived home about 4:20 and he left about 4:45 to go to a friend's house. After her father left, the child sought out her mother, gave her an account of the incident which occurred between one and two hours earlier, and repeated her father's threat to kill her if she told her mother.

Appellant objected to the child's statement to her mother as hearsay, but the trial court ruled that it was part of the res gestae, and the mother was allowed to repeat the statement at trial. *Held:*

Code Ann. § 38-305 defines res gestae testimony as follows: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." However, "[n]o precise time can be fixed a priori when the res gestae ends, but each case must turn on its own circumstances, the inquiry being rather into events than to the precise time which has elapsed." *Turner v. State,* 212 Ga. 199, 200 (91 SE2d 501) (1956). It is not afterspeech that the law distrusts but afterthought.

*Bunn v. State,* 144 Ga. App. 879 (243 SE2d 105) (1978). In the present case, the statement was in narrative form rather than an outburst. "Where a statement is narrative rather than exclamatory, 'the circumstances must be closely scrutinized, because narrative is generally the result of afterthought.' *Southern R. Co. v. Brown,* 126 Ga. 1, 4 (54 SE 911). Other cases have more generally condemned narrative statements: 'The real test is: were the declarations a part of the occurrence to which they relate, or were they a mere narrative concerning something which had fully taken place and had therefore become a thing of the past?' *Western & A. R. Co. v. Beason,* 112 Ga. 553, 557 (37 SE 863); *Peebles v. State,* 236 Ga. 93 (2) (222 SE2d 376). Much of the case law on res gestae declarations is founded upon Justice Nisbet's interpretation in *Mitchum v. State,* 11 Ga. 615, 627: 'If the declarations appear to spring out of the transaction — if they elucidate it — if they are voluntary and spontaneous, and if they are made *at a time so near to it,* as reasonably to preclude the idea of deliberate design, then they are to be regarded as contemporaneous.' " *Clark v. State,* 142 Ga. App. 851, 852 (237 SE2d 459) (1977). In *Clark v. State,* supra, the court applied the standards — spontaneity, voluntariness, closeness in time, freedom from suspicion of device or afterthought and after closely scrutinizing the declaration's narrative character, found that the statement made by a boy to his father about forty minutes after a sexual assault by a third party did not come within the res gestae exception. The child had been brought home scared and crying to his parents and the father went looking for the perpetrator. The child calmed down while he was at home with his mother, but did not make any statement. Only after intense questioning by his father en route to the police station did the child give an account of the incident. The court recognized that "[t]he conclusion might very well be different had the child told what had happened in an immediate outcry or even shortly after being calmed down." Id at 853.

In the present case, the crime was allegedly committed by the father and not by a third party. The mother testified that she noticed something strange about the child the moment that she got in the car. Although

appellant argues that the child could have reported the crime to the mother during his ten-minute absence from the car, we do not believe this time interval is fatal; the father had threatened to kill the child if she reported the incident and she had no way of knowing when he would return to the car. The child, however, did report the incident to her mother as soon as she knew that the father had left the house.

If it is not error to admit the statement of a rape victim made to a police officer as a part of the res gestae when it was her first opportunity to tell a law enforcement officer of what had occurred, *Jackson v. State,* 225 Ga. 39 (165 SE2d 711) (1969), we do not believe that it is error to admit the statement of a child made to her mother shortly after an assault occurs when it is the child's first opportunity to report the offense outside the presence of the perpetrator. " 'What is res gestae of a given transaction must depend upon its own peculiarities of character and circumstances. Courts must be allowed some latitude in the matter. [Cit.] Declarations of a party, to be admitted as part of the res gestae, must be at the time of the transaction they are intended to explain; must be calculated to unfold its nature and quality, and must harmonize with it.' [Cit.]" *Standard Oil Co. v. Reagan,* 15 Ga. App. 571 (2) (84 SE 69). "The admissibility of such declarations does not depend upon any arbitrary time or general rule for all cases, but is left to the sound discretion of the court in determining from the time, circumstances and statements in question, whether declarations meet the requirements of being free from 'all suspicion of device or afterthought.' [Cit.]" *Aetna Life Ins. Co. v. Jones,* 80 Ga. App. 472, 479 (56 SE2d 305) (1949). It is also a well established rule of law that if the admissibility of evidence is doubtful, the rules of evidence require that the evidence be admitted and its weight and effect left to the jury. *Purser v. McNair,* 153 Ga. 405 (112 SE 648) (1922).

After carefully examining the testimony of the child and the mother we find no substantial discrepancy in the testimony of the two witnesses. Any slight deviation between the two accounts as to the sequence of the events merely goes to the credibility of the witnesses and not the admissibility of the evidence. See *Leach v. State,* 143 Ga.

App. 598 (239 SE2d 177) (1977).

Accordingly, this judgment must be affirmed.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

Submitted July 3, 1979 — Decided September 4, 1979.

*John Knight,* for appellant.

*William S. Lee, District Attorney, Hobart Hind, Assistant District Attorney,* for appellee.