## 58991. RIDDLEHOOVER v. THE STATE.

SHULMAN, Judge.

Defendant was indicted for and convicted of the offense of aggravated sodomy. We affirm.

1. Appellant asserts error in the admission of the testimony of the victim's mother on the grounds that such testimony constituted inadmissible hearsay. The witness testified to a conversation she had with the prosecutrix the morning following the alleged attack. The trial court allowed the testimony as part of res gestae, to which ruling defendant objected.

Even assuming, as appellant contends, that the statements of the prosecutrix, as related by her mother, were too remote in time to be admissible as part of the res

gestae (see in this regard *Peebles v. State,* 236 Ga. 93 (2) (222 SE2d 376)), the court nevertheless properly admitted such testimony for the purpose of rebutting defendant's contentions of the prosecutrix' consent to the act of sodomy. See *Smith v. State,* 131 Ga. App. 722 (206 SE2d 711), holding that a judgment right for any reason will be upheld on appeal.

" 'The rule is well settled that, in a prosecution for [sodomy], the fact of the woman's having made complaint soon after the assault took place is admissible in evidence for the purpose of rebutting the idea that the female consented to the criminal act . . .' [Cits.]" *Watson v. State,* 235 Ga. 461 (2) (219 SE2d 763).

Although the particulars of such complaint would be hearsay and inadmissible, the fact of such complaint is not. Id. In the present case, the only particulars the witness testified to which would have been hearsay went to the identity of the perpetrator and the fact that defendant offered the prosecutrix a ride after her car had a flat tire. Since these facts were not contested or in issue (as it was the defendant's contentions that sodomy was performed consensually), it was not harmful error to allow the witness' testimony. Id.

2. We find no merit in appellant's contentions of error on the general grounds. The victim's testimony coupled with evidence of her complaint and her condition following the alleged attack was sufficient to authorize a rational trier of fact to find defendant guilty of the offense of aggravated sodomy beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560). See also *Gray v. State,* 151 Ga. App. 684 (4) (261 SE2d 402).

Finding no reversible error, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED NOVEMBER 6, 1979 —
DECIDED JANUARY 11, 1980 —
REHEARING DENIED JANUARY 29, 1980.

*Glyndon C. Pruitt,* for appellant.

*Bryant Huff, District Attorney, Malcolm C. Mc-Arthur, Assistant District Attorney,* for appellee.