## 59277. FREEMAN v. THE STATE.

SMITH, Judge.

Appellant was convicted of two counts of rape. We affirm.

1. In his first enumeration of error, appellant contends that the trial court erred in denying his motion for new trial on the general grounds. We disagree. The testimony of the prosecutrix in this case provided ample evidence upon which a rational trier of fact could have found the essential elements of the crime of rape beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

2. Appellant enumerates as error the trial court's exclusion of the following testimony of the prosecutrix' stepfather's neighbor: "Dennis Nelson [the prosecutrix' stepfather] was standing on the porch and Benny Lee [appellant's co-defendant] and Short Stop was going up the street and Dennis was cussing and calling them all kinds of names . . . and said he was going to get even with him, he'd got something on him now . . . He run in the house and got the shotgun and back out there and near about in front of my house with the shotgun and told Benny Lee if he said a word, he'd blow his head off." Appellant contends (1) that the excluded testimony was admissible for the purpose of establishing the prosecutrix' delay in swearing out a warrant and (2) that the testimony was "admissible to aid the Jury in deciding whether [the prosecutrix] had been raped or whether [she] was forced by her step-father . . . to take out a warrant because of the hard feelings which existed between him and [appellant's co-defendant]."

"Delay in reporting an alleged rape is one circumstance that the jury must consider in determining the credibility of the prosecutrix. That delay may be explained, however, with the decision on credibility left to the jury. See *Bennett v. State,* 102 Ga. 656 (29 SE 918) (1897); see also *Wilkie v. State,* 159 Ga. 559 (126 SE 383) (1924)." *Watson v. State,* 235 Ga. 461, 463 (219 SE2d 763) (1975). In this case, the jury heard testimony that the prosecutrix had initially denied being raped and that she subsequently changed her mind. Several witnesses testified that the prosecutrix told them she was not raped and that her mother and stepfather threatened to "put her out" if she did not swear out the warrant.

Appellant's assertion that, by the exclusion of testimony quoted above, he was prevented from establishing the fact of delay is without merit. The excluded testimony does not tend to establish the fact of delay. See *MacNerland v. Johnson*, 137 Ga. App. 541, 542 (224 SE2d 431) (1976).

While "[i]t is the right of one accused of a crime to show, if he can, for the purpose of discrediting the testimony of the prosecutor, that his prosecution of the case had its origin in an improper motive" (*Billings v. State*, 8 Ga. App. 672 (2) (70 SE 36) (1910); *Reese v. State*, 145 Ga. App. 453, 457 (243 SE2d 650) (1978)), under the circumstances of this case, the trial court did not commit reversible error in excluding the proffered testimony. In light of the voluminous impeachment testimony introduced against the prosecutrix (all of which was apparently rejected by the jury), it is inconceivable that a different result would have obtained had the jury been apprised of the exchange between appellant's co-defendant and the prosecutrix' stepfather. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 17, 1980 — DECIDED APRIL 7, 1980.

*F. Bradford Wilson, Jr.*, for appellant.
*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.