68508. BARNES v. THE STATE.

DEEN, Presiding Judge.

Appellant Barnes was convicted of raping the fourteen-year-old daughter of a long-time family friend and was sentenced to five years' imprisonment and five additional years on probation. He appeals from this judgment, assigning as error the denial of his motion for new trial and the admission into evidence of the allegedly hearsay testimony of the adult friend to whom the prosecutrix recounted the rape incident on the following day, as well as the testimony of appellant's physician regarding matters allegedly protected by the psychiatrist-patient privilege. The final enumeration of error concerns the trial court's charging the jury on circumstantial evidence when allegedly all the evidence was direct.

The prosecutrix and alleged victim, known as "Tammy," had ac-

companied her brothers and sisters on a Saturday evening visit in the home of a family friend, a Ms. Ann or Annie Thomas. Ms. Thomas, an entertainer, was not expected to return from an out-of-town engagement until late that night, but her oldest daughter was in charge of the household until her mother's return and invited Tammy and her younger siblings to spend the night. The appellant, accompanied by Tammy's mother, had brought the children to Ms. Thomas' apartment and then taken Tammy's mother home. He noticed that the children's jackets were still in his car and decided to take them to Ms. Thomas' in case they should be needed. He therefore returned to the Thomas residence at about 1:00 a.m. and, finding Tammy watching television in the living room, invited her to ride to a nearby convenience store for candy. Tammy obtained permission from Ms. Thomas' daughter and accompanied appellant to the store. On the way back, according to Tammy's testimony, appellant stopped the car behind a school building and, despite her tearful entreaties, raped her. He then returned her to the Thomas apartment, where everyone was asleep except Ms. Thomas' young son.

The next morning, as soon as she learned that Ms. Thomas was awake, Tammy went to her bedroom and asked to speak with her. Ms. Thomas agreed to talk with Tammy as soon as certain adult guests had left, and some time thereafter (testimony differs as to whether the elapsed time was nearer one hour or four to five hours), invited Tammy to her bedroom. In the meanwhile, Tammy's mother had telephoned to arrange to pick up the children, but Tammy said nothing to her of the rape. Upon coming to Ms. Thomas' bedroom, Tammy wept profusely and told Ms. Thomas of the alleged rape.

Shortly thereafter, appellant telephoned the Thomas home, and Ms. Thomas asked him to come over immediately. He did so and, according to Ms. Thomas' testimony, admitted to having raped Tammy and expressed a desire for psychiatric help. The mother was subsequently informed. The following day the appellant consulted a family practice physician, a Dr. Monett, and told him that he had engaged in sexual activity with Tammy; that he needed psychiatric help; and that he wished Dr. Monett to examine Tammy. Appellant later brought the child, accompanied by her mother, to the physician's office. There Tammy told the physician of the rape but cried out in apparent pain when he attempted to conduct a pelvic examination. Monett eventually abandoned the effort and prescribed an antibiotic to counter any infection she might have contracted. The next day, the mother not having reported the incident to the police, Ms. Thomas' daughter did so, and the prosecution of Barnes for rape ensued.

At trial Barnes denied having had any sexual contact with Tammy and also denied having made an admission to Ms. Thomas or

the doctor or having said that he needed psychiatric help. There was testimony that on two previous occasions, once before moving to the Atlanta area from Philadelphia and once afterward, Tammy had reported an attempted sexual assault by persons unrelated to this case. There was also testimony that the relationship between Tammy and her mother was not a happy one. *Held*:

1. The trial court did not err in denying appellant's motion for a new trial on the general grounds. Scrutiny of the entire record in the instant case, including the trial transcript, reveals that the evidence was sufficient to establish the essential elements of rape and to authorize a rational trier of fact to find the accused guilty as charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State*, 250 Ga. 805 (301 SE2d 274) (1983). The appellate court passes only on the sufficiency of the evidence, not its weight; the latter is within the province of the trier of fact. *Ridley v. State*, 236 Ga. 147 (223 SE2d 131) (1976); *Causey v. State*, 154 Ga. App. 76 (267 SE2d 475) (1980). Appellant's first enumeration is without merit.

2. Appellant contends in his second enumeration that Ms. Thomas' testimony concerning Tammy's recital to her of the facts of the alleged rape was not admissible either as an immediate outcry — i.e., as part of the res gestae — or in explanation of the witness' subsequent conduct. We agree with appellant that the challenged testimony does not meet the criterion set forth in *Momon v. State*, 249 Ga. 865 at 867 (294 SE2d 482) (1982); that is, that the witness' conduct and motive were not "matters concerning which the truth must be found." The court thus erred in ruling that the testimony was admissible for this particular purpose.

The State contends, however, that the challenged testimony was admissible as an outcry, or part of the res gestae. It is undisputed that in the instant case there was an interval of some twelve hours between the alleged rape and Tammy's conversation with Ms. Thomas. Even though "[n]o precise time can be fixed a priori when the res gestae ends, . . . each case . . . turn[ing] on its own circumstances [and] the inquiry being rather into events than to the precise time which has elapsed," *Turner v. State*, 212 Ga. 199, 200 (91 SE2d 501) (1956), it is clear in the instant case that the elapsed time makes it inappropriate to consider the complaint as a part of the res gestae. OCGA § 24-3-3; *Wallace v. State*, 151 Ga. App. 171 (259 SE2d 172) (1979); but see *Jackson v. State*, 225 Ga. 39 (165 SE2d 711) (1969).

Under *Watson v. State*, 235 Ga. 461 (219 SE2d 763) (1975), however, delay in reporting an alleged rape is not dispositive either way but is a circumstance which the jury must consider in determining the credibility of the prosecutrix. The "delay may be explained, however, with the decision on credibility left to the jury. See *Bennett v. State*,

102 Ga. 656 (29 SE 918) (1897); see also *Wilkie v. State*, 159 Ga. 559 (126 SE 383) (1924)." Id. at 463. See also *Freeman v. State*, 154 Ga. App. 254 (267 SE2d 860) (1980); *Armour v. State*, 154 Ga. App. 740 (270 SE2d 22) (1980).

The overall fact pattern in *Watson*, supra, is very similar to that of the instant case. In *Watson*, the fourteen-year-old victim waited more than a month before telling either the police or her mother that she had been raped by a family friend with whose children she had been babysitting; she told a girl friend about the incident in some detail the following day, however. The reason for the delay in reporting the matter to the police or the mother was that the mother had a serious heart condition and the daughter did not wish to upset her. The *Watson* court held, at 463, that "particulars of the prosecutrix' statements . . . were too remote in time to be part of the res gestae" but went on to hold as follows: " 'The rule is well settled that, in a prosecution for rape, the fact of the woman's having made complaint soon after the assault took place is admissible in evidence for the purpose of rebutting the idea that the female consented to the criminal act, and it is equally well settled that the particulars of her complaint cannot be given in evidence . . .' *Hooks v. State*, 215 Ga. 869 (8) (114 SE2d 6) (1960); *Lowe v. State*, 97 Ga. 792 (25 SE 676) (1895). The fact that a complaint is made is not hearsay, but the particulars of the complaint are hearsay." Id. at 463. Accord *Riddlehoover v. State*, 153 Ga. App. 194 (264 SE2d 666) (1980); see also *Pierce v. State*, 230 Ga. 766 (199 SE2d 235) (1973). Characterizing the delayed reporting as a circumstance going to the issue of credibility, the *Watson* court held the challenged testimony of the girl friend admissible for the purpose of establishing that the prosecutrix had complained that a rape had occurred, but not as evidence of the particulars of the incident. Id. at 463, 464. The court having permitted the girl friend to give rather detailed testimony in the presence of the jury was held in *Watson* not to be reversible error, however, because the court instructed the jury that the testimony was to be considered only with reference to whether a complaint had been made and why the report to the police had been delayed. Id.

In the instant case the prosecutrix testified that she had attempted to tell her hostess, Ms. Thomas, about the rape at the first opportunity the next morning — that is, when she had ascertained that Ms. Thomas was awake — and had actually done so as soon as Ms. Thomas was free to talk with her. She stated that she had not told her mother of the incident when the latter telephoned during the morning because she was afraid her mother would not believe her and would punish her. In assessing the credibility of Tammy's statements, the jury may well have concluded that, from the perspective of a child, this was sufficient reason for her to postpone reporting the inci-

dent to an adult until she had a sympathetic ear available. Compare *Wallace v. State*, supra.

As to the content of Ms. Thomas' challenged testimony, the record reveals that, although she testified outside the presence of the jury as to some particulars of what Tammy had told her of the rape, her testimony in the jury's hearing consisted only of a statement that Tammy had told her that the appellant had raped her the previous night while en route from the convenience store, together with observations as to Tammy's distraught manner and appearance while relating the incident to her. Ms. Thomas' testimony before the jury contained no particulars of Tammy's account of the rape; it was, according to the trial transcript, only from the prosecutrix herself that the jury heard details of the incident. Although in the instant case the court gave the jury no limiting instructions similar to those given in *Watson*, such instructions were not required or even appropriate under the facts of the instant case because no detailed — and hence inadmissible — testimony was given by Ms. Thomas until after the jury retired. We hold, therefore, that the challenged testimony comes within the ambit of *Watson* and related cases.

Also admissible, as a recognized exception to the hearsay rule, is Ms. Thomas' testimony that, when she confronted Barnes with Tammy's accusation and asked him if it were true, he replied, "Yes, and I don't know what came over me. I need help."

Although the trial court erroneously admitted Ms. Thomas' testimony to explain the witness' conduct, the court did not err in admitting the challenged testimony for other purposes. This enumeration is therefore without merit.

3. The trial court did not err in admitting the testimony of Dr. Monett, the physician from whom the appellant sought psychiatric referral two days after the alleged rape and who also consulted with Tammy and attempted to perform an examination of her pelvic area. The privilege asserted by appellant pertains only to the relationship between an accused and his or her psychiatrist or psychologist, and not to that between the accused and a family practitioner, like Dr. Monett, or a physician in any specialty other than psychiatry. OCGA §§ 24-9-21, 24-9-40; *Elliott v. Ga. Power Co.*, 58 Ga. App. 151, 154 (197 SE 914) (1938). Dr. Monett's testimony was therefore admissible, and, moreover, Barnes' admission to the physician that he had engaged the prosecutrix in sexual activity short of actual intercourse was admissible as a recognized exception to the hearsay rule. Appellant's third enumeration is without merit.

4. The trial court did not err in instructing the jury on circumstantial evidence. As the State points out, although most of the evidence adduced was in the nature of direct evidence, there was also some circumstantial evidence. *Pierce v. State*, supra at 770. Moreover,

it is well settled in Georgia law that absent extraordinary circumstances not obtaining in the instant case, it is not harmful error to give a jury instruction on circumstantial evidence even if none is actually present in the case, inasmuch as such an instruction would " 'g[i]ve [the defendant] a rule more favorable than he could claim.' " *Latimer v. State*, 188 Ga. 775, 777 (4 SE2d 631) (1939), quoting *Smith v. State*, 140 Ga. 791 (79 SE 1127) (1913); *Nestor v. State*, 122 Ga. App. 290, 291 (176 SE2d 637) (1970). This enumeration, too, is without merit.

*Judgment affirmed. McMurray, C. J., concurs. Sognier, J., concurs specially.*

DECIDED JULY 3, 1984.

Lewis M. Groover, Jr., for appellant.

Robert E. Wilson, District Attorney, Thomas S. Clegg, Susan Brooks, Assistant District Attorneys, for appellee.

SOGNIER, Judge, concurring specially.

I specially concur. The admission of the testimony of Annie Thomas concerning the complaint of the prosecutrix that appellant had raped her goes far beyond the mere complaint of a prosecutrix that she was raped. The testimony of Ms. Thomas goes into the particulars of who, how, when and where. In my opinion, this testimony exceeds the standards of *Watson v. State*, 235 Ga. 461, 463 (219 SE2d 763) (1975): " 'The rule is well settled that, in a prosecution for rape, the fact of the woman's having made complaint soon after the assault took place is admissible in evidence for the purpose of rebutting the idea that the female consented to the criminal act, and it is equally well settled that the particulars of her complaint cannot be given in evidence. [Cits.]' "

However, I do not find the wrongful admission of the particulars of the rape as testified to by Ms. Thomas to be error as the same testimony came properly before the jury as a result of the appellant's admission to the particulars when he was later accused and questioned by Ms. Thomas. *Wharton v. State*, 145 Ga. App. 880, 881 (2) (245 SE2d 69) (1978).