## LOWE *v.* THE STATE.

1. While it is competent for the State, upon a trial for rape, to prove, by way of corroborating the testimony of the person upon whom the crime is alleged to have been committed, that she had made complaint thereof at the first opportunity, the particulars of such complaint cannot be shown.
2. In this case, it was error to admit at the instance of the State, for any purpose, declarations of the person alleged to have been assaulted, made a considerable period after the time when the offense is charged to have been committed; and it was also error to permit a witness to testify that the person alleged to have been assaulted had shown to the witness "the clothes she had on at the time," such testimony being really a statement of a substantive fact resting upon hearsay alone.
3. Where it was sought to impeach a witness by proving contradictory statements made under oath at a previous trial of the same case, it was competent to sustain the witness by showing that her testimony at the first trial was in other respects entirely consistent with that given at the second.  In other words, it was competent, under the circumstances, to bring out all of her testimony at the first trial, in order to show that, taken as a whole, it was not necessarily inconsistent with what she had sworn upon the trial then in progress.
4. Other than as above indicated, there was no material error

committed at the trial; but inasmuch as the evidence illegally admitted may have operated injuriously to the accused, a new trial is ordered.

February 29, 1896.

Indictment for rape.　Before Judge Hutchins.　Clarke superior court.　October term, 1895.

*E. T. Brown* and *T. F. Green*, for plaintiff in error.
*R. B. Russell, solicitor-general*, contra.

LUMPKIN, Justice.

1. It was held by this court in the case of *Stephen* v. *State*, 11 *Ga.* 226, that: "In a prosecution for a rape, the fact of the woman's having made complaint soon after the assault took place, is evidence; the *particulars* of her complaint, however, cannot be gone into, and she will not be allowed to name the prisoner as the person who committed the injury, unless by way of *information*, to lead to his arrest." So far as we are aware, no material departure from this rule has ever been made by this court.

2. The alleged rape was committed in Clarke county, and the prosecutrix promptly made complaint in Athens of the outrage which she asserted had been perpetrated upon her.　Some days afterwards she came to the city of Atlanta and there gave her mother a narrative of what she claimed had occurred, in the course of which she exhibited certain garments which she represented were on her person at the time of the alleged rape.　These declarations were clearly inadmissible for any purpose.　They can add nothing to the corroborative value of the complaint originally made, and were, at best, merely hearsay.　Where it appears that sexual intercourse has taken place between a man and woman, her subsequent silence affords presumptive evidence of consent on her part, and negatives the idea that the intercourse was accomplished by force.　This applies when the circumstances are such as to require her to speak out. In the present case, the prosecutrix had already complained

of her alleged wrong, in Athens, the proper place, and at the proper time. While it was perfectly natural that she should inform her mother of the injuries she claimed to have sustained, her failure to do so could not, under the circumstances, have been counted against her, or in any way alter the fact that she had previously, at the proper time and place, made complaint. By a parity of reasoning, what she said to her mother was utterly incompetent as corroborative evidence.

The mother, when offered as a witness, was further allowed to testify that her daughter showed her "the clothes she had on at the time," meaning the time when the rape is said to have taken place. This was really permitting the mother to swear that the clothes in question were in fact worn by the prosecutrix at the time of her encounter with the accused. This certainly was not proper, because, as the mother was not present on that occasion, her only knowledge as to what clothes her daughter wore at that time must have been derived alone from the latter's statements.

3. The rule is well settled, that where an effort is made to impeach a witness by proving contradictory statements made in a conversation which occurred previously to the trial, it is competent to sustain the witness by bringing out the whole of that conversation, in order that the true drift and meaning of what was then said by him may be correctly understood. The same rule is applicable where it is sought to impeach a witness by proving contradictory statements made by him when testifying under oath. In such case, it is competent to bring out all of the testimony given by him at a former trial upon the point in question, in order to show that, taken as a whole, it is not necessarily inconsistent with what the witness has sworn upon the trial in progress. So far as this rule is concerned, in principle it makes not a particle of difference whether the alleged contradictory statements previously made were under oath or otherwise.

4. We have not specially noticed several of the grounds of the motion for a new trial. Except as above indicated, no material error was committed by the trial judge. As to the merits of the case, we express no opinion; but inasmuch as the evidence illegally admitted may have operated injuriously to the accused, a new trial is ordered.

*Judgment reversed.*