Reformation of Instruments, 34 Cyc. p. 992, n. 67.

---

## GETTING v. THE STATE.

1. On a trial for rape of a girl under fourteen years of age, it was not error to refuse to exclude, on objection that it was irrelevant, incompetent, and hearsay, testimony that the witness asked the girl "why she had not been home," and that she said she had been out with some boys and they would not let her come home.

2. The court's instruction to the jury, as to impeachment of a female witness by proof of bad character for lewdness, was not error requiring a new trial for the reasons assigned. Nor was this instruction erroneous by reason of the fact that the court did not charge upon the modes of impeachment involved in the evidence, in the absence of an appropriate and pertinent request for such charge.

3. The evidence authorized the verdict.

No. 6165. MARCH 15, 1928.

Rape. Before Judge Howard. Fulton superior court. June 4, 1927.

*Branch & Howard* and *E. L. Tiller,* for plaintiff in error.

*George M. Napier,* attorney-general, *John A. Boykin,* solicitor-general, *T. R. Gress,* assistant attorney-general, *J. W. LeCraw,* and *J. H. Hudson,* contra.

RUSSELL, C. J. 1. The court overruled the objections of coun-

Criminal Law, 16 C. J. p. 878, n. 35; p. 932, n. 12, 14; p. 1013, n. 42, 50; p. 1038, n. 76; p. 1053, n. 93; p. 1059, n. 42; 17 C. J. p. 70, n. 39: p. 330, n. 20.

Rape, 33 Cyc. p. 1463, n. 66; p. 1464, n. 67; p. 1491, n. 52.

sel for the defendant who was accused of rape to the following testimony: "I asked her [the prosecutrix upon whom it was alleged the assault had been committed] why she had not been home. She said she had been out with some boys and they would not let her come home. That is what she told me. I did not know that to be a fact. She did not tell me what they had done. I did not discuss that at all. I did not ask her any questions. She just told me she had been out with some boys and they would not let her come home." The objection was that the testimony was irrelevant, incompetent, and hearsay, and counsel moved to rule out all of said testimony. The court did not err in refusing to repel the testimony and exclude it upon the objection offered. The fact that the witness, who was the prosecutrix, had made "complaint" is always admissible in the trial of a charge of rape, though a rehearsal of the particulars of the offense as reported can not be given; and if the complaint that the boys would not let her come home referred to a charge of rape, the statement of the prosecutrix did not disclose a single detail. *Lowe v. State,* 97 *Ga.* 792 (25 S. E. 676). A general objection to testimony of which a portion may be inadmissible need not be sustained if any portion of the testimony to which objection is made is legally admissible. Moreover, if the evidence as a whole was inadmissible, since the accused was only convicted under the second count of the indictment charging intercourse by consent of the female, and as the rule laid down in the *Lowe* case, supra, has reference only to rape where the sexual intercourse is obtained without consent, forcibly and against the will of the female, the error, if error there was, in admitting the testimony was harmless.

2. The court is not required, in the absence of a timely and appropriate request, to charge the jury upon the subject of impeachment of witnesses. No request for instruction upon this subject was preferred in the instant case. Complaint is made that the court charged: "A female may be impeached by proof of bad character as to lewdness, and such proof would authorize the jury to reject her testimony if the jurors believe that she has been successfully impeached by such proof, or that her testimony is unworthy of credit. On the other hand, if her testimony is corroborated, or if the jurors believe her testimony to be the truth, after considering all the facts and circumstances of the case, you

would be authorized to act on her testimony." Error is assigned upon this instruction, because in instructing the jury that if they believed that a witness had been successfully impeached by proof of bad character as to lewdness, or that her testimony was unworthy of belief, such proof would authorize the jury to reject her testimony, "the jury were in effect told that it was within their province to accept the testimony of the witness notwithstanding her successful impeachment. Movant says that the court should have instructed the jury that if they believed the witness had been successfully impeached it would have been their duty to disregard the testimony unless it was corroborated; and that it was error for the court to instruct the jury that they would be *authorized* to reject her testimony." The instruction, though unauthorized by evidence, is not subject to the criticism to which it is subjected, when the language of the court immediately following the quoted excerpt which is attacked is construed therewith, and, in view of the verdict finding the defendant guilty only under the second count, was an instruction more favorable than the accused was entitled to receive.

Complaint is made that the latter portion of the quoted excerpt, "On the other hand, if her testimony is corroborated, or if the jurors believe her testimony to be the truth after considering all the facts and circumstances of the case, you would be authorized to act on her testimony," is error in that "the court incorrectly instructed the jury that they would be authorized to accept the testimony of the witness notwithstanding the fact that she may have been successfully impeached and was uncorroborated." Viewing the excerpt by itself, as stated by the plaintiff in error in the ground of his motion, there is no error in the instruction. Nothing is better settled in this State than that the jury are the exclusive judges as to whether a witness has been successfully impeached; and it matters not how much testimony may be introduced tending to impeach a witness, and though the evidence be competent for that purpose, the jury may believe the witness in their own discretion in the exercise of their discretion as to the credibility of the witness sought to be impeached, even though he be uncorroborated. There is no conflict between the first and second portions of the instruction as a whole. The latter portion correctly states the rule in case the jury do not believe that the

attempt to impeach has been successful. The entire excerpt first quoted is not erroneous by reason of the fact that the court did not charge upon the modes of impeachment involved in the testimony, in the absence of a pertinent request for such instruction.

3. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*