### 27852. CRESWELL v. THE STATE.

BROYLES, C. J. 1. On a trial for assault with intent to rape, the particulars of a complaint made by the female are not admissible in behalf of the prosecution, in the first instance, unless they are a part of the res gestæ. The true rule is, to admit the evidence of the fact of the complaint in such cases, and in no · case to admit more. *Stephen* v. *State*, 11 *Ga.* 225 (8); *Lowe* v. *State*, 97 *Ga.* 792 (25 S. E. 676); *Huey* v. *State*, 7 *Ga. App.* 398 (66 S. E. 1023).

2. In the instant case the defendant was indicted for an assault with intent to rape. Upon the trial the court, over the defendant's objections, allowed the mother of the alleged victim to testify, on her direct examination, that her daughter, on the afternoon following the night of the alleged offense, "told me what happened that night. She told me that Virgil Creswell [the accused] tried to rape her. She told me where it happened, she said in a hollow yonderside of Mr. Fain's house. She told me that there was nobody there except him and her on the bus. That is what she told me. That was the next day after she claimed this happened the night before." The evidence shows that the daughter's complaint was made about fifteen or twenty hours after the commission of the alleged offense, and no reason appears why she remained silent for so long a time. Therefore her complaint to her mother was not a part of the res gestæ; and, under the ruling stated in the preceding headnote, the court erred in admitting the testimony of the mother, which set forth, not only the fact of the complaint, but also certain particulars of the alleged offense as stated to her by her daughter. While the defendant was convicted only of an assault and battery, the principle of the above-cited decisions is here applicable; for this court can not hold as a matter of law that the defendant would have been convicted of that offense if said illegal evidence had not been admitted. The judgment is reversed solely because of the admission of that evidence.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 5, 1940.

*R. Carter Pittman, Jack B. Ray,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.