22289. JONES v. GRIMES, Sheriff.

ARGUED JANUARY 15, 1964—DECIDED JANUARY 22, 1964.

*D. L. Hollowell, Howard Moore, Jr.,* for plaintiff in error.
*William T. Boyd, Solicitor General, J. Walter LeCraw, Charles A. Williams,* contra.

MOBLEY, Justice. The exception is to the judgment of the

trial court discharging the writ of habeas corpus and remanding the defendant to the custody of the sheriff.

The question presented, whether the bail fixed by the trial court in this case is excessive, arises from the following facts: The grand jury of Fulton County returned an indictment against Ashton Bryan Jones charging him with a misdemeanor (*Code* § 26-6901) in that he did interrupt and disturb a congregation of persons lawfully assembled at the First Baptist Church of Atlanta for divine service by loud talking, shouting, and by sitting on the floor of the church. He was tried and found guilty of the offense charged and was given the maximum misdemeanor sentence—12 months on the public works, six months in jail, and $1,000 fine. The defendant made a motion for new trial, whereupon the court issued an order of supersedeas and fixed supersedeas bond at $20,000. Thereafter, the defendant filed a petition for the writ of habeas corpus alleging that he was being illegally detained for the reason that bail fixed by the court in the amount of $20,000 was excessive and unreasonable, and that the order of the court fixing excessive bail violates his rights under the due process clauses of the State (*Code Ann.* § 2-103) and Federal Constitutions (*Code* § 1-815) and the provisions of the State and Federal Constitutions forbidding excessive bail. The trial court denied the writ and the exception is to that judgment.

■ (a) Since excessive bail is expressly forbidden by the Constitution of Georgia, *Code Ann.* § 2-109, and by the United States Constitution, *Code* § 1-808, a determination of whether these provisions have been violated will be determinative of the issue here, without ruling on whether other provisions of the State and Federal Constitutions have been violated.

While in Georgia, as in all States other than Louisiana (8 CJS 85, § 36 (8)), there is no constitutional right to bail in cases where conviction has been had, there is a statutory right to bail after conviction of a misdemeanor in Georgia. *Code* §§ 6-1006 and 6-1007, and *Code* § 27-901, and also *Reid v. Perkerson*, 207 Ga. 27 (4) (60 SE2d 151). The constitutional prohibitions against excessive bail (cited above) apply in misdemeanor cases after conviction as well as before.

(b)  Excessive bail is the equivalent of a refusal to grant bail, and in such cases habeas corpus is an available and appropriate remedy for relief. *Getting v. State,* 166 Ga. 160 (142 SE 685); *Reid v. Perkerson,* 207 Ga. 27 (4), supra.

■  The amount of bail to be assessed in each criminal case is left to the sound discretion of the trial judge, and in the absence of clear abuse of such discretionary power, his action will not be controlled. *Reid v. Perkerson,* 207 Ga. 27 (4), supra; *Sanders v. Paschal,* 186 Ga. 837 (2) (199 SE 153).

There are no hard and fast rules for determining what is reasonable bail and what is excessive bail. The question must be determined according to the circumstances of each case.

"The gist of the problem confronting a court in setting the amount of bail is to place the amount high enough to reasonably assure the presence of the defendant when it is required, and at the same time to avoid a figure higher than that reasonably calculated to fulfill this purpose, and therefore excessive." 8 Am. Jur. 2d 824, § 70. Many factors are to be considered in fixing bail, some of which are ability of the defendant to give bail, the seriousness of the offense, penalty, character and reputation of the accused, health, probability of the defendant appearing to serve sentence, forfeiture of other bonds, and whether a fugitive. See 8 Am. Jur. 2d 824, § 71.

"In setting the amount of bail, the principal factor considered, to the determination of which most other factors are directed, is the probability of the appearance of the accused, or of his flight to avoid punishment." See 8 Am. Jur. 2d 825, § 72.

Applying those factors here, what do we have? The defendant was convicted of disturbing divine worship, which though a misdemeanor, is a serious offense. The sentence of the court was 12 months on the public works, 6 months in jail, and $1,000 fine. Obviously a substantial bond might reasonably be necessary to require the presence of the defendant to serve such a sentence, if his conviction is affirmed on appeal. Other factors present in this case, which the court considered in fixing bond, are that the defendant has no business, no property, and no residence in this State, has no fixed abode anywhere, lives on a government pension paid from California, came to visit his

sister in Georgia and has been here only a few months and has been in and out of jail since coming here; his fingerprint record shows arrests in Louisiana, Mississippi, Maryland, New Mexico, Indiana, Oklahoma, North Carolina, Pennsylvania, Florida, and Texas; he has been a frequent law violator having served a Federal sentence of eight months in Kentucky; sixty days and six months in Louisiana; $500 and six months in Mississippi; paid fines in Louisiana and New Mexico; thirty days sentence in Florida and is now out on appeal bond in Marshall, Texas. Defendant claims to be an ordained minister, but did not satisfy the trial judge of that fact. Defendant is 67 years old. There is no evidence that he has forfeited bonds in the past or that he is a fugitive from justice. As to the ability to give bond, the trial judge at the time he originally fixed bail apparently was of the opinion that defendant was acting in concert with and being supported by an organization or friends with ample resources to furnish bond in the amount fixed.

The court in denying the motion of defendant for reduction of his bond "ordered that, as the right to give bail is a continuing one, the court will give consideration to any bail entered with proper security." In this order denying the habeas corpus, the court pointed out that no bail in any amount has been tendered and noted that defendant appears to have been abandoned by his friends so far as giving bail for his appearance is concerned.

The court in fixing bail at $20,000 acted on the information then before it. On the next day after bail was fixed, defendant filed a motion for reduction of bail. The court in denying the motion expressed the opinion that sufficient time had not elapsed for it to be discovered that defendant is unable to make the required bail, but provided that further consideration would be given the question at a later date. On September 25, 1963, after consideration of further motions for reduction of bail, the court denied the motion, one of the reasons therefor being that defendant had not offered bail in any amount.

The question before us now is whether the court erred in denying the writ of habeas corpus on October 8, 1963; the answer to which rests upon whether the bail was excessive as of that date. The evidence indicates that defendant himself is unable to give

the bond, and if he originally had backing of unlimited funds, as the court thought was the case, they have not been forthcoming. The court is willing to consider approving a lesser bond, if offered, but defendant is at a disadvantage in procuring bond when he does not know what amount the court will accept. Counsel for defendant in his argument before this court stated that he had orally indicated to the trial court that bail in the amount of $5,000 could be procured. We are of the opinion that upon the facts existing at the time habeas corpus was denied, the court should have reduced the bail.

What amount of bail would reasonably assure the presence of the defendant to serve the sentence? Obviously $1,000 would not because the fine above is in that amount. If the defendant had unlimited funds, $20,000 could well be reasonable because a person with unlimited funds could easily prefer to pay $20,000 rather than pay a fine of $1,000 and serve a sentence of confinement of 18 months. Considering all the facts and circumstances, we conclude that bail in that amount is not required to reasonably assure the presence of the defendant to serve his sentence, if his appeal is denied, and that therefore the bail is excessive.

Since reasonable bail is all that is required in this case, the judgment of the trial court denying the writ of habeas corpus and remanding the defendant to the custody of the sheriff is affirmed on condition that the court fix bail in an amount not to exceed $5,000; otherwise, the judgment is reversed.

*Judgment affirmed on condition. All the Justices concur.*