Raymond GOODINE, Robert Green, Willie Kirkland, Burton Mincey, William Morris, Eddie Mack Wright, and George Stroman, Plaintiffs,

v.

Carl A. GRIFFIN, Sheriff, Chatham County, Georgia, Defendant.

Civ. A. Nos. 2596–2602.

United States District Court,
S. D. Georgia,
Savannah Division.

Feb. 27, 1970.

W. Lance Smith, III, Barnard M. Portman, B. Clarence Mayfield, Edward J. Goodwin, Savannah, Ga., for plaintiffs.

Andrew J. Ryan, Jr., Dist. Atty., Andrew J. Ryan, III, Asst. Dist. Atty., Savannah, Ga., for defendant.

## ORDER

ALEXANDER A. LAWRENCE, Chief Judge.

Petitioners apply for writs of habeas corpus on the ground that they are being detained in State custody in violation of the Eighth and Fourteenth Amendments. Following indictment and arrest on bench warrants for violation of Ga.Code Supp. § 79A–803 (possession and selling of heroin), Judge Dunbar Harrison of the Eastern Circuit fixed bail for the defendants in amounts varying from $50,000 to $100,000. Petitioners assert that it is excessive. After an informal application to the Judge, who refused to entertain a request for reduction, the accused have come to this Court seeking relief.

Defendant moved to dismiss on the ground that state remedies for reduction of bail have not been exhausted. This exhaustion requirement is basic to relief under 28 U.S.C. § 2254(b). U. S. ex rel. Shakur v. Commissioner of Corrections, S.D.N.Y., 303 F.Supp. 303; Sellers v. Georgia, 5 Cir., 374 F.2d 84.

■■ In Georgia excessive bail has been held equivalent to a refusal to grant bail and in such cases habeas corpus is an available and appropriate remedy for relief. Reid v. Perkerson, 207 Ga. 27, 60 S.E.2d 151(4); Jones v. Grimes, 219 Ga. 585, 134 S.E.2d 790(1) (b). However, Ga.Code § 50–116(3) says that no person shall be discharged upon the hearing of a writ of habeas corpus "Where the party is imprisoned under a bench warrant regular upon its face." [1] This provision appeared in the 1863 Code and has been incorporated in all subsequent codifications. The Habeas Corpus Act of 1967 does not change the rule. I cannot believe that § 50–116(3) was ever intended to deprive a prisoner of the remedy of habeas corpus as against excessive bail which the Constitution of Georgia prohibits in Article I, § 1, Par. 9. It surely must have some other meaning or result. I think the accused could have brought habeas corpus proceedings in the State court.[2] This they did not do. On the other hand, the Code section in question seems to make an exception as to discharge of a prisoner where a bench warrant arrest is involved. Since the law is ambivalent and since denial of Federal relief to the petitioners can be rested on a different ground the remedy-exhaustion issue will be by-passed.

■ Under Georgia law the amount of bail to be assessed in each criminal case is left to the sound discretion of the trial judge and in the absence of clear abuse of such discretionary power, his action will not be controlled. Jones v. Grimes, 219 Ga. 585, 134 S.E.2d 790(2). According to Bishop v. Wilbanks, 161 Ga. 305, 130 S.E. 819, 822 and Watts v. Grimes, 224 Ga. 227, 161 S.E.2d 286, the discretion must be "flagrantly abused."

In Jones v. Grimes, *supra*, the Supreme Court of Georgia said as to bail:

"Many factors are to be considered in fixing bail, some of which are ability of the defendant to give bail, the seriousness of the offense, penalty, character and reputation of the accused, health, probability of the defendant appearing to serve sentence, forfeiture of other bonds, and whether a fugitive. See 8 Am.Jur.2d 824 § 71.

" 'In setting the amount of bail, the principal factor considered, to the determination of which most other factors are directed, is the probability of the appearance of the accused, or of his flight to avoid punishment.' See 8 Am.Jur.2d 825 § 72."

■■ The excessive-bail prohibition in the Eighth Amendment applies to the states through the Fourteenth Amendment. Pilkinton v. Circuit Court of Howell County, Missouri, 8 Cir., 324 F. 2d 45. However, this does not give a Federal judge jurisdiction to fix bail in state criminal cases. His review of the matter is a restricted one. In Mastrian v. Hedman, 8 Cir., 326 F.2d 708, cert.

1. "A bench warrant is one issued by a judge for the arrest of one accused of a crime by a grand jury. Every officer is bound to execute it within his jurisdiction, and every person so arrested must be committed to jail until bail is tendered; any judicial officer, or the sheriff of the county where the accusation was found, may receive the bail, fix the amount of the bond, and approve the sureties * * *." Ga.Code § 27–801. I know of no provision for appeal from the setting of bail by a judge in such cases.

2. In Bishop v. Wilbanks, 161 Ga. 305, 130 S.E. 819, 822 where the prisoner was arrested on a bench warrant and filed a writ of habeas corpus the Supreme Court based its refusal to review denial of bail on lack of abuse of discretion on the part of the lower court. Nowhere in the opinion is the bench warrant obstacle alluded to.

den. 376 U.S. 965, 84 S.Ct. 1128, 11 L. Ed.2d 982, the Court said:

> "A federal court would not be entitled to act in substitution of judgment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection."

In U. S. ex rel. Shakur v. Commissioner of Corrections, *supra*, a District Court in New York followed the holding in Mastrian v. Hedman, *supra*. "Since it is the opinion of this Court that petitioners have failed to demonstrate that the bail fixed for each of them is 'beyond the range within which judgments could rationally differ.' within the intendment of the *Mastrian* case, *supra*, their petitions must be denied.

"The Court cannot say that the actions of the state judges who fixed bails for petitioners have been shown to be either arbitrary or discriminatory." *Ibid.*, 307. Mastrian v. Hedman was also approved in Dameron v. Harson, D. C.La., 255 F.Supp. 533.[3]

At the hearing before me a law enforcement official testified as to the reasons for his recommendation that bail be fixed in large amounts. Ludlow C. Adams, Special Agent Federal Bureau of Narcotics and Dangerous Drugs, testified that he and two other Federal Agents had been in Savannah for several weeks assisting the local Bureau of Drug Abuse Control investigating the sale of narcotic drugs in Chatham County. He stated that from the results of his investigation and the arrests made he is convinced that many of the arrested persons are members of a ring extending into several other States of the Union. The Government is investigating the possibility of a conspiracy among persons in several states to violate the state and federal narcotic laws.

Defendants offered evidence at the hearing in respect to their residence, occupation, marital status, criminal record and other matters deemed relevant to the probability of their appearance on the date of trial.[4]

■ There will no doubt be occasions where a Federal court must hold that a state judge fixed excessive bail.[5] The extent of the power of this Court should be a determination of whether there has been any abuse of discretion, arbitrariness or discrimination which amounts to a transgression of the Fourteenth Amendment. I am not going to substitute my judgment for that of the State judge under the facts of this case. The amount of bail for the accused was within his discretion. Finding no abuse thereof, the writs are dismissed as to each petitioner.

---

3. This line of cases was not cited in Cresta v. Eisenstadt, D.Mass., 302 F.Supp. 399. There the setting of bail of $100,000 for a state prisoner accused of armed robbery was attacked in a Federal district court. The District Judge held that the amount of bail was not excessive. He appears to have made an independent judgment in respect to excessiveness. Such an approach would result in Federal district judges sitting in final judgment in every case where an accused dislikes the amount of bail fixed in the state courts.

4. *Cf.*, 18 U.S.C. § 3146(b).

5. As of now I know of no such published decision.