### 49124. SCOTT v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of child molestation. His motion for new trial was overruled and he appeals. *Held:*

1. The court, over defendant's objection, allowed a state's witness, a policeman, to testify as to the particulars of the alleged crime as told to him by the victim during an interview with her. The interview took place three days after the occurrence. The state contends that this evidence was admissible as being a part of the res gestae. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." Code § 38-305. The declaration here does not meet this test. Being inadmissible as part of the res gestae the victim's statement to the police was hearsay and harmful. In this

connection see *Lowe v. State,* 97 Ga. 792 (25 SE 676) and *Creswell v. State,* 61 Ga. App. 828 (7 SE2d 788).

2. The trial court erred in allowing the district attorney over objection to cross examine the defendant on his prior arrests for other crimes committed from 4 to 7 years previously. A witness's credibility may be attacked by proof of conviction of a crime involving moral turpitude. *Woodward v. State,* 197 Ga. 60 (8) (28 SE2d 480). Proof of an arrest is not a proper method. *Whitley v. State,* 188 Ga. 177 (3 SE2d 588). Further, this evidence was not admissible under the similar method rule as it failed to show a crime committed by the accused and failed to show that the other crimes were connected with or similar to those charged in the indictment. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615); *Howard v. State,* 211 Ga. 186 (84 SE2d 455); *Sloan v. State,* 115 Ga. App. 852 (156 SE2d 177). The reference to other arrests was irrelevant and prejudicial. *Manor v. State,* 223 Ga. 594 (157 SE2d 431).

3. According to the state's evidence this crime occurred when defendant enticed the victim into a bathroom of a house that was then undergoing extensive remodeling. Defendant was employed as a carpenter. The defendant's sworn testimony was that he never was present in this bathroom with the victim at any time. One witness testified that the defendant was not out of his view for more than "2 minutes" during the time span when this offense was charged to have occurred. This evidence fairly raised the defense of alibi. The trial court did not charge on this defense. It is error, even in the absence of a request, to fail to charge on the law of alibi where the defense is supported by evidence. *Brown v. State,* 122 Ga. App. 470 (177 SE2d 509).

4. As a new trial is granted, we do not pass on the sufficiency of the evidence.

5. All other enumerations of error either have no merit or are not likely to re-occur in the event of another trial.

*Judgment reversed. Quillian and Clark, JJ., concur.*

SUBMITTED MARCH 4, 1974 — DECIDED APRIL 23, 1974.

*Hugh B. Pettit, Jr.,* for appellant.
*David N. Vaughan, Jr., District Attorney,* for appellee.