## A90A1557. HOWARD v. THE STATE.
(399 SE2d 283)

McMURRAY, Presiding Judge.

Law enforcement officers were conducting a surveillance of the residence of a known drug dealer in an attempt to determine the identity of the dealer's supplier of methamphetamine. Defendant was observed driving past the residence and throwing out a plastic bag onto the driveway containing approximately 28 grams of methamphetamine. Following his arrest, various contraband was seized from property owned by defendant including 124 marijuana plants, 178 plastic bags of marijuana, 41 grams of methamphetamine and an "underground" laboratory equipped with timers, growing lights and a book containing a formula to make methamphetamine.

At a bond hearing, evidence was also presented that defendant was 50 years old, married, with three children, had lived most of his life in the area, and had never been convicted of any crime. Several witnesses gave testimony as to defendant's good character and their confidence that if released pending trial defendant would comply with any conditions imposed by the superior court. Defendant testified that he suffered with asbestosis, an irreversible lung disease which required the regular attention of a physician in order to regulate his medication and provide immunization from respiratory ailments which were particularly dangerous to him. Additionally, defendant stated that if released on bond he would not engage in any criminal activity, would comply with any special provisions imposed by the superior court, and would place his considerable real estate holdings as security for his appearance.

Defendant's motion for bond was denied on the grounds that he posed a significant risk of committing another felony pending trial.[1] See *Birge v. State*, 238 Ga. 88 (230 SE2d 895). Nonetheless, after defendant had been held in confinement for more than 90 days without the charges against him having been heard by a grand jury he became entitled, upon application, to have bail set pursuant to the provisions of OCGA § 17-7-50. Accordingly, upon defendant's application, defendant's bail was set at $500,000. Defendant's petition for permission to file an interlocutory appeal was granted and he now appeals the

---

[1] In *Howard v. State*, 194 Ga. App. 857 (392 SE2d 562), we dismissed defendant's direct appeal from the denial of bail since defendant should have followed the interlocutory procedure set forth in OCGA § 5-6-34 (b).

amount at which his bail was set, contending that such is so excessive as to be a denial of his Eighth Amendment rights in that in substance it amounts to a denial of bail. *Held*:

"The amount of bail to be assessed in each criminal case is generally within the sound discretion of the trial judge, whose decision will not be reversed on appeal absent a clear abuse of that discretion. OCGA § 17-6-1 (Code Ann. § 27-901); *Jones v. Grimes*, 219 Ga. 585 (134 SE2d 790) (1964). When fixing the amount of bail, the judge is to consider chiefly the probability that the accused, if freed, will appear at trial; other factors to be considered include the accused's ability to pay, the seriousness of the offense, and the accused's character and reputation. Id. at 587." *Spence v. State*, 252 Ga. 338, 340 (2b), 341 (313 SE2d 475).

" 'The gist of the problem confronting a court in setting the amount of bail is to place the amount high enough to reasonably assure the presence of the defendant when it is required, and at the same time to avoid a figure higher than that reasonably calculated to fulfill this purpose, and therefore excessive.' 8 Am. Jur. 2d 824, § 70." *Jones v. Grimes*, 219 Ga. 585, 587 (2) (134 SE2d 790). Excessive bail is the equivalent of a refusal to grant bail. Id. at 587 (1b).

We are unable to conclude, under the facts and circumstances of this case, that defendant's bail is excessive. There is evidence of defendant's ability to give bail. The record shows that defendant owns real property in three counties, including a tract of some 40 acres in Butts County and in Rockdale County, two separate residences and a third tract on Irving Bridge Road. In connection with this issue and others we note that we are unable to consider factual assertions contained only in defendant's brief. *Morrison v. State*, 181 Ga. App. 440, 443 (352 SE2d 622).

While defendant's evidence of his good character and poor health may provide support for his contention that if freed, he will appear at trial, the serious nature of the charge against defendant and the assets which the record show are available to defendant authorized the superior court to set defendant's bail at a significant level. The evidence of record fails to show that the amount of bail set for defendant was so excessive as to amount to an abuse of discretion. *Spence v. State*, 252 Ga. 338, 340 (2b), 341, supra.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 21, 1990.

*Herbert Shafer*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assis-*

*tant District Attorney*, for appellee.