## S96A1221. RAWLS v. HUNTER.
### (475 SE2d 609)

FLETCHER, Presiding Justice.

Kenneth Rawls filed a pre-trial habeas and mandamus action contending he was illegally denied bond after being incarcerated more than 90 days without being indicted. The trial court denied his petition. Because the provisions of OCGA § 17-7-50 are mandatory and Rawls remained in jail without indictment or bond for 90 days, he was entitled to have bond set, and, therefore, we reverse and remand for the setting of bond.

1. Rawls was charged with two counts of cocaine trafficking and was twice refused bail. On the 91st day of incarceration he filed an emergency request for bond under OCGA § 17-7-50. The trial court denied bond and the state indicted Rawls later that day. The Court of Appeals dismissed Rawls' appeal as moot. Rawls then brought the current mandamus and habeas action.

OCGA § 17-7-50 provides that

> [a]ny person who is arrested for a crime and who is refused bail shall, within 90 days after the date of confinement, be entitled to have the charge against him heard by a grand jury . . . . In the event no grand jury considers the charges against the accused person within the 90 day period of confinement, . . . the accused shall have a bail set upon application to the court.

The language of this statute is unambiguous. If the state refuses bail to an incarcerated person, then the state must present its case to a grand jury for indictment within 90 days. If the state fails to do this, then bail is mandatory.[1] The record in this case is clear that Rawls was incarcerated for more than 90 days without having a grand jury hear the charges against him and that he twice sought and was refused bail. When Rawls made his application for bail on the 91st day of his incarceration, the trial court had no choice but to set a reasonable bond.

2. The state argues that the indictment of Rawls on the 91st day mooted the statute's requirement of bond. The mere fact of indict-

---

[1] *Howard v. State,* 197 Ga. App. 693 (399 SE2d 283) (1990).

ment, however, does not justify incarceration without bail.[2] In *Burke v. State*,[3] this Court suggested in language that was not necessary to the holding of the case that when an accused is incarcerated for more than 90 days without indictment or bail, the state may either set bail or indict immediately. This dictum, however, is directly contrary to the plain language of the statute and cannot control in this case.

Because Rawls spent 90 days incarcerated without having charges against him presented to the grand jury, he is entitled to have bond set. We reverse and remand for the setting of bond.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996.

*Dwight L. Thomas,* for appellant.

*J. Tom Morgan III, District Attorney, Kevin N. Levitas, Assistant District Attorney,* for appellee.

---

[2] See *Lane v. State*, 247 Ga. 387 (276 SE2d 644) (1981) (per curiam) (setting forth standards for determining whether to grant bond); *Foster v. State*, 165 Ga. App. 137 (299 SE2d 420) (1983) (remanding for findings on denial of bond even though defendant already indicted).

[3] 234 Ga. 512, 517 (216 SE2d 812) (1975).