## S03A1145. RAINWATER v. LANGLEY.
(587 SE2d 18)

THOMPSON, Justice.

Rainwater filed a petition for pre-conviction habeas corpus relief, see OCGA § 9-14-1 (a), asserting he was being unlawfully restrained because he was denied bail. The habeas corpus court denied relief and Rainwater appealed.

Via two Douglas County warrants, Rainwater was arrested for theft by receiving stolen property and conspiracy to commit armed robbery. Shortly thereafter, Rainwater was released on bond.[1] Six weeks later, on August 12, 2002, Rainwater was re-arrested on six additional warrants for offenses not previously charged against him. Five of the warrants were for conspiracy to commit armed robbery, and the sixth was for a RICO violation which was based, in part, on the charges for which bond was set previously.

Rainwater sought bond for the new charges; however, bond was denied on that occasion because it was determined that Rainwater

---

[1] Bond was set in the amount of $250,000.

posed a flight risk. Thereafter, on two separate occasions, September 13, 2002 and again on February 14, 2003, the Douglas County grand jury indicted Rainwater on RICO charges. The indictments alleged the commission of a number of predicate acts, including the two acts for which Rainwater previously posted bond.

In the meantime, Rainwater found himself incarcerated in Carroll County, not Douglas County, pursuant to a prisoner care and housing agreement. Accordingly, Rainwater filed a petition for habeas corpus in Carroll County, naming Terry Langley, the Carroll County Sheriff, as the defendant, and alleging that he was being unlawfully restrained because (1) he had already posted bond for predicate acts underlying the RICO charges and (2) bond should have been set in connection with warrants for which Rainwater was incarcerated without being indicted for more than 90 days. Sheriff Langley answered the petition and asserted, inter alia, that the Douglas County Sheriff was an indispensable party.

Following a hearing, the habeas court determined that venue was proper in Carroll County.[2] Then it concluded that Rainwater "would not be a good candidate for bond. [Rainwater's] motion for bond is, therefore, denied." This appeal followed.

1. On its face, the habeas court's order purports to do no more than deny Rainwater's "motion for bond." However, the function and effect of the order are to deny Rainwater's petition for habeas corpus; and the parties and habeas corpus court have treated it as such. Accordingly, we will construe and classify the order as a final judgment denying habeas corpus relief. See *Thomas v. RGL Assoc.*, 200 Ga. App. 283 (407 SE2d 420) (1991) (order will be classified by its function and construed to serve the interests of justice).

2. Habeas corpus will lie to determine whether bail is so excessive as to amount to a refusal to grant bail. *Jones v. Grimes*, 219 Ga. 585 (1) (134 SE2d 790) (1964). Thus, to the extent that Rainwater's petition can be construed to challenge a failure to set bail, pretrial habeas corpus is a proper remedy. See *Rawls v. Hunter*, 267 Ga. 109 (475 SE2d 609) (1996).

3. Rainwater asserts he is being illegally restrained because he already posted bond for two of the predicate RICO offenses, and those offenses are subsumed in the RICO indictment. We disagree.

The law is clear:

> When a person posts bail bond prior to a preliminary or commitment hearing and is later bound over to another court for trial, the original bail bond shall not terminate but shall be

---

[2] The court did not rule expressly upon the indispensable party issue.

valid to provide for the person's appearance at the trial of the case *unless the amount of the bail is set higher by lawful authority,* in which case new bail bond shall be posted.

(Emphasis supplied.) OCGA § 17-6-14 (a). Here Rainwater posted bond following his arrest for theft by receiving stolen property and conspiracy to commit armed robbery. That bond sufficed to provide for Rainwater's appearance upon the trial of those charges; but it cannot be said that it sufficed for a subsequent RICO charge. See OCGA § 17-6-14 (a).

*Wells v. Terrell,* 121 Ga. 368 (5) (49 SE 319) (1904), upon which Rainwater relies, is inapposite. That case simply held that a bonding company is required to produce a defendant even if the crime named in the bond and the crime named in the indictment may have differed in varying degrees.

4. Relying upon OCGA § 17-7-50, Rainwater asserts that he is entitled to habeas corpus relief because he was incarcerated upon the underlying RICO charges without having bond set. This assertion is without merit.

Under OCGA § 17-7-50, bail must be set by the trial judge *if a person is arrested and incarcerated for more than 90 days without bail and without indictment. Burke v. State,* 234 Ga. 512, 517 (216 SE2d 812) (1975). Following his initial arrest, Rainwater was released on bond. Thereafter, he was re-arrested on additional warrants and he sought, and was denied, bond. Additionally, within 90 days of his re-arrest, Rainwater was indicted on the RICO charge. It cannot be said, therefore, that Rainwater was entitled to habeas corpus relief because bail was not set pursuant to OCGA § 17-7-50. Compare *Rawls v. Hunter,* supra, with *Burke v. State,* supra. See also *Reid v. Perkerson,* 207 Ga. 27 (7) (60 SE2d 151) (1950) (because the only question for decision in a habeas corpus case is the legality of detention, it is unnecessary to determine the validity of detention under every pending charge, as long as it affirmatively appears that detention is valid under one of them).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*Larry D. Wolfe,* for appellant.
*David A. Basil,* for appellee.