## S07A1045. BRYANT v. VOWELL.
(651 SE2d 77)

BENHAM, Justice.

Petitioner Xavier Bryant is confined in the Tift County Jail in the custody of appellee Sheriff Gary Vowell while he awaits trial on charges involving a purported molestation of his stepsister. His pre-trial petition for a writ of habeas corpus was denied and, as a prisoner awaiting trial and in custody in lieu of bond, Bryant is entitled to a direct appeal from the denial of habeas relief. *Smith v. Nichols*, 270 Ga. 550 (1) (512 SE2d 279) (1999).

The crux of this appeal is the charges to which the remediative portion of OCGA § 17-7-50 applies. The statute provides:

Any person who is arrested for a crime and who is refused bail shall, within 90 days after the date of confinement, be entitled to have the charge against him or her heard by a grand jury having jurisdiction of the accused person. . . . In the event no grand jury considers the charges against the accused person within the 90-day period of confinement . . . , the accused shall have bail set upon application to the court.

The issue presented by this case is whether one who is arrested pursuant to a warrant and who remains incarcerated for 90 days

without grand jury action is statutorily entitled to have bond set on only the crimes charged in the arrest warrant, or whether OCGA § 17-7-50 requires bond be set on all crimes that arise from the event charged in the arrest warrant. The trial court and the habeas court concluded Bryant was entitled to have bail set on only the charge set forth in the arrest warrant, and Bryant argues otherwise.

Bryant was arrested January 27, 2006, on two arrest warrants that each asserted he committed an act of aggravated child molestation against his stepsister, and he was denied bail in February 2006. On May 24, 2006, Bryant filed a motion for bail to be set pursuant to OCGA § 17-7-50 after he had been held for more than 90 days without any action taken by a grand jury on the charges. A week after the motion for bail was filed and before the trial court took any action on Bryant's motion, the grand jury returned a true bill of indictment charging Bryant with the two acts of aggravated child molestation for which he had been arrested and six other crimes purportedly committed against the same child in the same period of time. Upon the return of the true bill of indictment, bench warrants for Bryant's arrest were issued and served on him in the Tift County Jail. In June 2006, at the hearing on Bryant's OCGA § 17-7-50 motion that bail be set, the trial court set bail at $200,000 for the two charges for which the arrest warrants had issued in January and denied bail on the remaining six counts, construing OCGA § 17-7-50 as requiring that bail be set only for the crimes on which an arrest warrant had been issued and executed, and not for all the crimes with which the arrested person could have been charged at the time of arrest. The trial court ruled that Bryant had not been arrested in January for the remaining six charges, although the court acknowledged that four of the six remaining charges "clearly are alternative ways of charging the act[s]" for which the arrest warrants had issued.[1]

Following the trial court's refusal to set bond on the six remaining counts, Bryant filed a pre-trial petition for writ of habeas corpus in which he contended he was entitled to a reasonable bond on the remaining six counts because those charges stem from the same series of events that resulted in his January 2006 arrest on the aggravated child molestation charges for which he had been held without bond or grand jury action for more than 90 days. The habeas court[2] denied relief on the ground that new charges had been brought against Bryant, although the habeas court acknowledged the new

---

[1] The indictment also included a charge of child molestation that was connected to one of the acts described in one of the arrest warrants, and a charge of child molestation not connected by description to either of the two acts for which Bryant had been arrested.

[2] The judge to whom the habeas petition was assigned was the same judge who had denied Bryant's motion for bond to be set pursuant to OCGA § 17-7-50.

charges arose out of the same transactions as the charges on which Bryant had been arrested. Bryant appealed the denial of habeas relief to this Court.

When the General Assembly enacted OCGA § 17-7-50 in 1973, the legislature's stated purpose was

> to provide that any person who is arrested for a crime and who is refused bail, shall within the ninety days after confinement, be entitled to have the charge or accusation against him heard by a grand jury [and] to provide that in the event no grand jury considers the charges against the accused person within the ninety-day period of confinement, the accused shall have a bail set upon application to the court. . . .

Ga. L. 1973, pp. 291-292. OCGA § 17-7-50 is a legislative attempt to ensure that a person arrested based on a prosecutor's information or on an arrest warrant obtained by a law enforcement officer is not incarcerated indefinitely without any review by the grand jury which, by law, is made up of county residents who are "experienced, upright, and intelligent" Georgia citizens. OCGA § 15-12-60 (a). The statute ensures that a person whose arrest was not precipitated by grand jury indictment has his case presented to the grand jury within 90 days of arrest or has bail set by the trial court upon the arrestee's motion. *Rawls v. Hunter*, 267 Ga. 109 (475 SE2d 609) (1996); *Burke v. State*, 234 Ga. 512 (5) (216 SE2d 812) (1975). The statute "states an entitlement to bail for the accused person who has not been indicted within 90 days of incarceration." *State v. English*, 276 Ga. 343, 348 (3) (578 SE2d 413) (2003). That the grand jury issued a true bill of indictment after the passage of the 90-day period does not moot the remediative aspect of the statute since the return of a true bill does not justify the preceding incarceration without bail. *Rawls v. Hunter*, supra, 267 Ga. 109 (2).

While the language of the statute is unambiguous in its requirement that a grand jury hear the case against an arrestee within 90 days of the arrest or the trial court set bail for the arrestee upon motion (*Rawls v. Hunter*, supra, 267 Ga. 109), OCGA § 17-7-50 is not as clear with regard to the scope of the bail required to be set if the case is not presented to the grand jury within the requisite 90 days. The first sentence of the statute refers in the singular to the *crime* for which a person has been arrested and the arrestee's entitlement to have the *charge* heard by a grand jury; however, the second sentence uses the plural when it conditions the accused's right to have bail set "[i]n the event no grand jury considers the *charges* against the accused. . . ."

Since it is clear that the General Assembly's intent in enacting OCGA § 17-7-50 was to entitle a person arrested and incarcerated for 90 days to grand jury review of the charge or to have bond set upon motion therefor, we conclude, as did the trial court, that the logical interpretation is that the arrestee is entitled to grand jury review of, or bail set for, the charge or charges on which the accused was arrested. Since the entitlement to have bail set arises on the ninety-first day and is actionable upon motion therefor (*Rawls v. Hunter*, supra, 267 Ga. 109), it is unreasonable to require the trial court before whom a motion to set bail is pending on the ninety-first day to anticipate which charges arising from the factual scenario that resulted in the defendant's arrest will be pursued by the prosecuting attorney.[3]

Our determination is not affected by the fact that prior to the trial court's ruling on Bryant's motion to set bail, the grand jury considered the case against Bryant and returned a true bill of indictment setting forth additional charges that arose out of the factual circumstances that had resulted in Bryant's arrest. It is the arrest and incarceration for 90 days without grand jury action that the General Assembly sought to prevent; the return of the true bill of indictment in itself triggers a timetable during which an indictee must make a first appearance, where the indictee's release on bail pending trial of the additional charges will be considered.

Since bond has been set on the two charges for which Bryant was arrested and held for 90 days without grand jury action, the requirements of OCGA § 17-7-50 have been met, and the habeas court did not err when it denied relief to Bryant.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*John G. Wolinski*, for appellant.
*Paul Bowden, District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

---

[3] While it would be a subversion of the legislative intent to subject an arrestee to continued incarceration by the service over time of a steady stream of "piece-meal" arrest warrants which charged, one at a time, a litany of offenses arising out of the same event, the trial court, the habeas court, and we do not see any evidence of an exercise of such bad faith in the case at bar.