THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARC
A. HOLLISTER, Defendant-Appellant.

Third District    No. 3—08—0066

Opinion filed September 23, 2009.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (Terry A. Mertel and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHMIDT delivered the opinion of the court:

The defendant, Marc A. Hollister, pled guilty to reckless homicide (720 ILCS 5/9—3(a), (e) (West 2000)) and aggravated driving under the influence of alcohol (625 ILCS 5/11—501(d)(1)(C) (West 2000)). The court sentenced him to concurrent terms of imprisonment of 9 and 3 years, respectively, and awarded him 11 days of presentence custody credit (730 ILCS 5/5—8—7(b) (West 2000)). The defendant filed the instant motion for order *nunc pro tunc*, requesting, *inter alia*, additional presentence custody credit for the time he spent in the hospital prior to his admission to the Henry County jail. The trial court denied the request.

On appeal, the defendant argues that the court erred in denying him credit for the time he spent in the hospital.

At the outset, we note that although the defendant filed a "Motion for Order *** *Nunc Pro Tunc*," by requesting additional presentence credit, he is actually asking to amend the mittimus. See *People v.*

*White*, 357 Ill. App. 3d 1070, 831 N.E.2d 657 (2005). While a trial court generally loses jurisdiction over a criminal case after the 30-day period in which to file a postjudgment motion expires, the court retains jurisdiction to correct insubstantial matters, such as amending the mittimus, after it would otherwise lose jurisdiction. *White*, 357 Ill. App. 3d 1070, 831 N.E.2d 657.

Pursuant to section 5—8—7(b) of the Unified Code of Corrections, a defendant is entitled to credit against his sentence for time spent in custody as a result of the offense for which the sentence is imposed. 730 ILCS 5/5—8—7(b) (West 2000). In determining what constitutes "time spent in custody" for purposes of section 5—8—7(b) (730 ILCS 5/5—8—7(b) (West 2000)), the supreme court has distinguished between confinement in a penal institution, which warrants section 5—8—7(b) credit, and "lesser forms of restraint," which do not. *People v. Ramos*, 138 Ill. 2d 152, 158, 561 N.E.2d 643, 647 (1990) (court held defendant was not "in custody" pursuant to section 5—8—7 when he was released on bond but subject to home confinement); see also *People v. Martin*, 357 Ill. App. 3d 663, 829 N.E.2d 834 (2005) (defendant who participated in the Cook County Day Reporting Program was not "in custody" for purposes of section 5—8—7 presentence credit). While the supreme court has never "expressly state[d] that section 5—8—7(b) [credit] is available only in instances of institutional confinement," from "the court's [own] comparison[s] of 'confinement' with the 'lesser restraints' ***, it is clear *** that such a limitation was *** intended." *Ramos*, 138 Ill. 2d at 159, 561 N.E.2d at 647.

In determining whether a defendant outside a penal institution is "in custody" for purposes of section 5—8—7, courts have considered whether the defendant experienced the same surveillance, lack of privacy, and regimentation as he would in a penal institution, or if he still enjoyed many of life's freedoms. See *Ramos*, 138 Ill. 2d 152, 561 N.E.2d 643.

In this case, the trial court found that the defendant was not in custody while he was in the hospital, but entered custody on the day he was discharged from the hospital, and the court therefore denied the defendant's request for additional presentence credit. We agree.

The record shows that on December 23, 2000, the defendant was transported to the hospital immediately after the automobile collision. On this day, a Henry County police officer issued two traffic citations to the defendant for his conduct in causing the accident. Thereafter, on December 30, 2000, the hospital discharged the defendant. On this day, an arrest warrant was served on the defendant, and the face of the warrant shows that the defendant was "now in custody" of the Henry County jail.

We find there is no basis in the law for the defendant to request credit for days he spent in the hospital following the accident. Rather, the law is clear that presentence credit is awarded only for time spent in institutional confinement. See *Ramos*, 138 Ill. 2d 152, 561 N.E.2d 643. The record does not show that the defendant was restrained by law enforcement officers or under guard while he was in the hospital, nor does it show that the defendant was placed under any restrictions by the court or the police. Rather, the defendant was confined to the hospital because of the injuries he suffered during the collision. Thus, the defendant's hospital stay is far from the requisite institutional confinement necessary to warrant presentence credit pursuant to section 5—8—7. We conclude that in this case, the days that the defendant spent in the hospital were no form of legal or judicial confinement at all, and thus, do not constitute "time spent in custody" for purposes of section 5—8—7 presentence credit (730 ILCS 5/5—8—7(b) (West 2000)).

The judgment of the circuit court of Henry County is affirmed in accordance with Illinois Supreme Court Rule 23(c)(2) (eff. May 30, 2008).

Affirmed.

LYTTON and WRIGHT, JJ., concur.