S11A0118. RICHARDSON v. ST. LAWRENCE.
(709 SE2d 802)

NAHMIAS, Justice.

Devon Richardson appeals from the denial of his habeas corpus petition in which he sought to be released on bail pending his trial on criminal charges. We affirm.

On December 9, 2008, Richardson was arrested in New York for the murder of Carl Joyner in Chatham County. He was thereafter held in custody. Because this murder charge was not heard by a grand jury within 90 days of the arrest, the trial court was required to set a bond for Richardson. See OCGA § 17-7-50.[1] On March 12, 2009, the trial court signed an order granting a $50,000 bond. On

---

[1] OCGA § 17-7-50 provides that:
  Any person who is arrested for a crime and who is refused bail shall, within 90 days after the date of confinement, be entitled to have the charge against him or her heard by a grand jury having jurisdiction over the accused person . . . . In the event no grand jury considers the charges against the accused person within the 90 day period of confinement . . . , the accused shall have bail set upon application to the court.

March 18, 2009, Richardson was indicted for numerous crimes stemming from Joyner's death, including malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime.

On March 31, 2009, the trial court filed the bond order it signed on March 12. The court also issued a bench warrant on the felony murder, aggravated assault, and possession charges of the indictment. Richardson was arrested on the bench warrant and incarcerated. On June 18, 2009, the trial court denied bond on those charges on the ground that Richardson was a flight risk and a significant danger to people in the community. A year later, on June 25, 2010, Richardson filed this habeas petition, contending that the bond granted under OCGA § 17-7-50 applied to the new charges contained in the indictment and that he therefore was entitled to be released pending trial. On July 2, 2010, after a hearing, the habeas court denied relief. Richardson then filed this appeal, raising the same contention.

In *Bryant v. Vowell*, 282 Ga. 437 (651 SE2d 77) (2007), we held that OCGA § 17-7-50 requires a trial court to grant bail only on crimes for which the defendant has been incarcerated for 90 days without having those charges heard by a grand jury and not on other crimes with which the defendant is later charged, even though the additional crimes stem from the same events as those for which the defendant was originally incarcerated. See 282 Ga. at 438-440. Based on *Bryant*, the habeas court here properly ruled that OCGA § 17-7-50 did not require that Richardson be granted bond on the new charges contained in the indictment.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 26, 2011.

Devon E. Richardson, *pro se.*
*Larry Chisolm, District Attorney, Lisa G. Colbert, R. Jonathan Hart*, for appellee.