## S11A1540. TATIS v. THE STATE.

### (716 SE2d 203)

BENHAM, Justice.

We granted the interlocutory application of Brian Tatis to review the trial court's denial of a motion for bond Tatis filed pursuant to OCGA § 17-7-50.[1] The statute provides that

> [a]ny person who is arrested for a crime and who is refused bail shall, within 90 days after the date of confinement, be entitled to have the charge against him or her heard by a grand jury having jurisdiction over the accused person. . . . In the event no grand jury considers the charges against the accused person within the 90 day period of confinement . . . , the accused shall have bail set upon application to the court.

This appeal requires the Court to construe the statute to determine what constitutes "confinement" that triggers the 90-day period within which the case of an unindicted and confined arrestee must be considered by the grand jury.

Warrants for appellant's arrest for "Homicide-Murder 16-5-1" and "Armed Robbery 16-8-41" were issued by a magistrate judge on November 16, 2010, and appellant was arrested on November 23, 2010. Because he injured himself in an attempt to avoid arrest, appellant was handcuffed to a stretcher and transported immediately following his arrest to Grady Memorial Hospital, where he received treatment for two broken ankles. After two days of hospitalization, appellant was taken from the hospital to the Fulton County jail where he was booked into the jail on November 25. The Fulton County grand jury returned a true bill of indictment against

---

[1] After issuing an order filed on March 29, 2011, that denied the motion for reasonable bond, the trial court issued a certificate of immediate review and this Court granted appellant's application for interlocutory review of the trial court's decision. The case was docketed to this Court's September 2011 term and was argued before this Court on September 12, 2011.

appellant on February 22, 2011, 92 days after he was arrested and taken to the hospital and 90 days after he was booked into the county jail.[2] On February 23, appellant filed a motion for a reasonable bond to be set pursuant to OCGA § 17-7-50. The trial court heard argument on the motion and denied it. On appeal, appellant argues that his confinement began when he was at Grady Hospital where the sheriff's office had a facility for inmates and where, it is undisputed, arrestees in need of medical treatment are handcuffed to hospital beds and guarded by sheriff's deputies. Citing our decisions in *Richardson v. St. Lawrence*, 289 Ga. 149 (709 SE2d 802) (2011), *Bryant v. Vowell*, 282 Ga. 437 (651 SE2d 77) (2007), overruled on other grounds in *Brown v. Crawford*, 289 Ga. 722 (715 SE2d 132) (2011), and *State v. English*, 276 Ga. 343 (3) (578 SE2d 413) (2003), the State takes the position that appellant was not confined until he was incarcerated in the Fulton County jail two days after he was arrested.

"In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly" (OCGA § 1-3-1 (a)), giving "ordinary signification" to all words that are not terms of art. OCGA § 1-3-1 (b). In enacting the predecessor of OCGA § 17-7-50 in 1973, the legislature expressly stated the purpose of the law: one who is arrested for a crime and not released on bail is entitled to have the charge or accusation against him heard by a grand jury and is entitled to have bail set if the grand jury does not consider the charges against the accused "within the ninety-day period of confinement" and the accused seeks bail. Ga. L. 1973, pp. 291-292. Thus, OCGA § 17-7-50 ensures that a person whose arrest was not precipitated by grand jury indictment, i.e., a person who was arrested on a prosecutor's information or, as in appellant's case, on an arrest warrant obtained by a law enforcement officer, and who has been confined since his arrest, has his case presented to the grand jury within 90 days of arrest or has bail set by the trial court upon the arrestee's motion after the expiration of the 90-day period. *Bryant v. Vowell*, supra, 282 Ga. at 439.[3]

While the General Assembly did not define what it meant by its use of "confinement" in the statute, where the statutory language is

---

[2] The true bill of indictment charged appellant with malice murder, felony murder with aggravated assault as the predicate felony, felony murder with armed robbery as the predicate felony, felony murder with conspiracy to violate the Georgia Controlled Substances Act as the predicate felony, armed robbery, conspiracy to commit a crime, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony.

[3] If the State fails to present its case to a grand jury for indictment within the 90-day period, setting bail is mandatory. *Rawls v. Hunter*, 267 Ga. 109 (1) (475 SE2d 609) (1996). That the grand jury returned a true bill of indictment after the passage of the 90-day period does not moot the remediative aspect of the statute. *Bryant v. Vowell*, supra, 282 Ga. at 439.

"plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly [and] where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." (Punctuation and footnotes omitted.) *Chase v. State*, 285 Ga. 693 (2) (681 SE2d 116) (2009). We believe "confinement" as used in OCGA § 17-7-50, is plain and unambiguous. In its fourth edition published in 1968, Black's Law Dictionary defined "confinement," in pertinent part, as "a moral or a physical restraint . . . of the person." The third edition of Webster's Third New International Dictionary, published in 1967, defined "confinement" as "restraint within limits." As far as OCGA § 17-7-50 is concerned, "confinement" is a situation in which the defendant may not leave official custody of his own volition (*State v. Nagle*, 23 Ohio St.3d 185, 186 (492 NE2d 158) (1986)); a situation where one is under arrest and in a facility pursuant to governmental authority where he is guarded or restrained in some manner. See *State v. Slager*, 2009 WL 1027182 (Par. 20) (Ohio App. 2011) (hospitalization for treatment of injuries sustained while fleeing police did not constitute "confinement" because the hospital was not a secure facility and the defendant, who was not placed under arrest until he was discharged, was not guarded, confined, or restrained in the hospital). See also *People v. Hollister*, 394 Ill. App.3d 380 (916 NE2d 592) (2009) (a defendant is entitled to credit against a sentence when he is confined in an institution where he experiences "the same surveillance, lack of privacy, and regimentation as he would in a penal institution," but the hospitalized defendant was not entitled to credit when he was not restrained by law enforcement officers or under guard or placed under any restrictions by the court or police); *People v. Gravlin*, 52 Mich. App. 467, 469 (217 NW2d 404) (1974) (credit against a sentence must be given "for time spent in confinement pursuant to governmental authority, regardless of the place of confinement.").

Since it is undisputed that appellant was under arrest, was taken to the hospital pursuant to governmental authority, and was physically restrained during his two-day hospital stay as he was handcuffed to the hospital bed under the watchful eye of a deputy sheriff in an area of the hospital that contained jail cells, appellant was "in confinement" during his hospital stay, and the 90-day period in which his case was required to be presented to the grand jury commenced on November 23. Accordingly, the trial court erred when it denied appellant's motion for bail on the charges for which appellant was arrested and held for 90 days without grand jury action.

The State does not dispute the fact that appellant was under arrest and physically restrained while in the hospital. Relying on

language in *State v. English, Bryant v. Vowell,* and *Richardson v. St. Lawrence,* supra, it argues instead that appellant's period of confinement did not begin until he was incarcerated, i.e., restrained in a jail, prison, or penitentiary. In those cases, we stated that the defendants had been entitled to bond under OCGA § 17-7-50 for the crimes for which each had spent 90 days *incarcerated* without having the charges against him presented to the grand jury. We used "incarcerated" to describe the status of the defendants involved, as each man had been confined in a jail, prison, or penitentiary for more than 90 days before the grand jury returned a true bill of indictment against him. Our use of the term to describe their individual status was not a holding that one had to be confined in a jail, prison, or penitentiary in order for OCGA § 17-7-50 to apply. Those cases and this case make clear that while one who is incarcerated is in confinement under OCGA § 17-7-50, one need not be incarcerated to be confined under OCGA § 17-7-50.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Larry D. Wolfe, Joshua L. Brownlee,* for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Paige R. Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.